## Cincinnati, Indiana & Western Railway Company v. Nathan Ward.

1. INSTRUCTION—*need not negative matter of defense.* It is not necessary for an instruction to negative matter of mere defense.

2. MEASURE OF DAMAGES—*in action for injury to crop by reason of diverting natural flow of water.* In such a case the measure of damages is the value of the crop destroyed and not the expense of the removal of the obstruction which was the efficient cause of the injury, where the plaintiff to have removed such obstruction would have constituted himself a trespasser.

Action on the case. Appeal from the Circuit Court of Christian County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed April 20, 1905.

J. E. HOGAN, for appellant.

J. C. & W. B. McBRIDE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action on the case. The plaintiff recovered a verdict and judgment in the Circuit Court for $350, to reverse which the defendant appeals. The declaration, in substance, avers that the plaintiff was in lawful possession of certain described lands and had raised and cultivated thereon a crop of corn; that the defendant wrongfully and unlawfully maintained a certain levy or embankment on the north line of said land with insufficient openings therein to permit the free passage of water, and that the water by reason of such embankment was diverted from its natural course and stood upon said land, thereby injuring thirty acres of growing corn.

The evidence shows that appellee was possessed of a tract of land containing about 100 acres, through which, near the center, the right of way of appellant ran in an easterly and westerly direction; that appellant maintained an embankment or grade through the land of the width of about 16

feet, and from 15 to 18 inches in height; that appellee, in the spring of 1902, planted 45 acres of corn on the south side of said embankment, and that in the latter part of June in said year, a heavy rainfall came, causing the water to collect and remain upon said tract whereby the corn thereon was damaged.

Appellant contends that the verdict is unsupported by the evidence and is manifestly against the weight thereof. It is insisted, and there is evidence tending to show that the tract in question was naturally low and was in fact a basin or pond without drainage, and further that the rain in question was one of unusual severity which would have caused the water to stand on the premises independently of the existence of the embankment. There is also evidence tending to show that the tract in question was naturally well drained; that before the embankment was built the water from rainfalls never stood upon the land longer than from twelve to twenty-four hours thereafter; and that by reason of said rainfall and of the absence of culverts through which the water could pass, the embankment held the water upon the land from ten to twelve days and badly injured the crop thereon.

These questions of fact were primarily for the determination of the jury. We have read and weighed the testimony of the witnesses and are unable to say that the verdict is manifestly against the weight of the evidence. On the contrary, we think it is amply supported thereby.

It is insisted that the only instruction given at the request of the appellee is erroneous in that inasmuch as it calls for an ultimate finding of facts, it should state all the elements necessary to constitute a right of recovery and that it entirely ignores the matters of defense which there was evidence tending to prove. We do not think the instruction is objectionable for the reason suggested. It tells the jury in substance, that before they can find for the plaintiff they must find that the surface water from the lands so grown in corn, in a natural state, flowed from off the lands of appellee to the north; and further that the defendant main-

tained an obstruction preventing such natural flow, and thereby caused the water to remain on plaintiff's land. That the surface did not naturally flow off the land to the north, but that the land was a pond or basin, and that the embankment did not cause the water to remain on the land, constituted the only defense interposed by appellant. It is not necessary for an instruction to negative matter of mere defense. Coal Co. v. Rademacher, 190 Ill. 538.

It is further contended that the instruction does not correctly state the measure of damages; that the measure of damages was not the value of the corn but merely the expense of removing the obstruction. This is not the law. The rule that there can be no recovery for damages which might have been prevented by reasonable efforts on the part of the person injured, does not apply here. Had appellant gone upon the right of way and removed the embankment, or any part of it, he would have been a trespasser. C., R. I. & P. R. R. Co. v. Carey, 90 Ill. 514. The instruction correctly stated the measure of damages. Moreover, the fourth instruction given in behalf of appellant, in effect, adopts the theory of which complaint is made.

There is no error in the record and the judgment will accordingly be affirmed.

*Affirmed.*