## Luella E. Atterbury v. Chicago, Indianapolis & St. Louis Short Line Railway Company.

1. RAILROAD—*when owner of land has no right of action for injuries resulting from construction of.* Where the right of way of the railroad in question was sold by the owner of the land claimed to have been damaged, no right of action exists for the construction and operation of such railroad.

2. RAILROAD—*when owner of land has right of action for construction and operation of.* Notwithstanding the owner of land may have sold the right of way upon which the railroad in question was constructed and is operated, yet a right of action exists in his favor where the construction or operation is negligent.

3. AVOIDABLE CONSEQUENCES—*when doctrine of, cannot be invoked.* The doctrine of avoidable consequences cannot be invoked where the person against whom the doctrine is sought to be enforced would have had to become a trespasser in order to avoid the consequences made the basis of the suit.

4. INSTRUCTION—*when invades province of jury.* An instruction invades the province of the jury which singles out one established fact in the case and informs the jury that from that fact alone, as a matter of law, a certain conclusion does not follow.

Action on the case. Appeal from the Circuit Court of Montgomery county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the November term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

LANE & COOPER, for appellant.

GEORGE B. GILLESPIE, for appellee; L. J. HACKNEY, JETT & KINDER and HAMLIN & GILLESPIE, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by appellant against appellee to recover damages occasioned to the farm lands of appellant by the alleged improper and negligent construction of a bridge across Shoal creek, the construction of railroad embankment across ·appellant's lands, and the failure of appellee to provide the necessary culverts and sluice-ways in said embankment, whereby the natural flow of the water in Shoal creek was diverted in a new channel on appellant's lands, and the natural flow of surface water was obstructed. There was a verdict and judgment in the Circuit Court of Montgomery county against appellee for $500.

February 18, 1903, appellant conveyed to John C. Davie a strip of land 120 feet wide and 2208 feet long running diagonally across the east 80 acres of the 120 acre tract of land then owned by appellant. The recitals in the deed, together with the competent extraneous evidence in the record, clearly show that said strip of land was conveyed by appellant for a railroad

right of way, and in contemplation of the construction and operation by appellee of a railroad thereon.

"When anything is granted, all the means to attain it, and all the fruits and effects of it, are granted also, and shall pass inclusive, together with the thing, by the grant of the thing itself, without the words *cum pertinentiis*, or any such like words." C., R. I. & P. Ry. Co. v. Smith, 111 Ill. 363. Where a right of way for a railroad is conveyed by deed it will be conclusively presumed that all damages resulting to the balance of the grantor's land from the proper construction and operation of the railroad were included in the consideration paid therefor. C., R. I. & P. Ry. Co. v. Smith, *supra;* Wylie v. Elwood, 134 Ill. 281; O. & M. Ry. Co. v. Wachter, 123 Ill. 446; A., T. & S. F. Ry. Co. v. Jones, 110 Ill. App. 626.

Among the powers granted to appellee by the railroad general incorporation act, was the following: "To construct its railway across, along or upon any stream of water, watercourse, street, highway, plank road, turnpike or canal, which the route of such railway shall intersect or touch; but such corporation shall restore the stream, watercourse, street, highway, plank road and turnpike thus intersected or touched to its former state, or to such state as not unnecessarily to have impaired its usefulness and keep such crossings in repair: *Provided,* that in no case shall any railroad company construct a road-bed without first constructing the necessary culverts or sluice-ways as the natural lay of the land requires for the necessary drainage thereof." Hurd's Stat. 1905, 1568.

At a point about 400 feet north of appellant's east 40 acre tract, appellee constructed a bridge, with concrete abutments and piers, across Shoal creek, and from thence, running southwesterly, and diagonally across appellant's west 80 acre tract, appellee constructed an earth embankment, approximately from 80 to 100 feet in width at its base, 18 feet in width at its top and from 20 to 24 feet in height above the

natural surface of the ground. The bridge across Shoal creek is built diagonally with reference to the flow of the water in the channel, and there is evidence tending to show that the two concrete piers as constructed in the channel of the creek have a tendency to impede the natural flow of the water and deflect its course, and dam it, to the injury of appellant's land. At a point a short distance north of the south line of appellant's west 40 acre tract, appellee has placed under its embankment and at right angles with it, a 60 inch tile. The natural flow of the surface water on appellant's land is southwardly, and it is conceded by appellee that the provision made by it for draining the surface water from the portion of appellant's land lying north of the embankment is wholly insufficient.

Appellee in constructing its railroad had the undoubted right to build a bridge across Shoal creek and to make a necessary embankment upon appellant's land for its road-bed, but in so doing it was bound to restore the creek to its former state, or to such state as not unnecessarily to impair its usefulness, and to construct the necessary culverts or sluice-ways required by the natural lay of the land for the necessary drainage thereof. A failure upon the part of appellee to so construct its bridge, or to provide the necessary culverts and sluice-ways in its embankment for the proper drainage of appellant's land, renders it liable to respond in damages for the injury occasioned to appellant by such failure.

In such case, and in the case at bar, the measure of damages is not the value of the land alleged to be injured by the wrongful or improper construction of the bridge and embankment, but the measure of damages is the rental value of the land.

The damages necessarily resulting to appellant from the construction and operation of appellee's railroad in a reasonably proper and skillful manner, were settled and compensated for by the consideration in the deed for the right-of-way, but damages resulting to

appellant by reason of the negligent or improper construction and operation of appellee's railroad, were manifestly not then contemplated, and are recoverable by appellant, as, and when, they accrue. In such case, the remedy of appellant is in successive recoveries until appellee properly constructs and operates its railroad. O. & M. Ry. Co. v. Wachter, *supra;* A., T. & S. F. Ry. Co. v. Jones, *supra;* O. & M. Ry. Co. v. Thillman, 143 Ill. 127.

Over the objection of appellant, appellee was permitted to introduce evidence of a proposal made by employes of appellee to appellant for the purchase of a strip of ground on the north side of and adjacent to, the embankment, to be used by appellee in reinforcing its embankment, and in constructing a ditch to connect with Shoal creek, whereby the surface water, the natural flow of which is obstructed by the embankment, might be drained into said creek. This was error prejudicial to appellant.

In a proper case we recognize the applicability of the doctrine of avoidable consequences, that is, the duty of the party injured by the breach of a contract or tort of another to make reasonable effort to avoid or minimize the damages resulting therefrom, but the case at bar does not admit of the application of that doctrine. Conceding that a ditch, properly constructed along appellee's right of way north of the embankment, would carry the surface water to Shoal creek, it appears that such a ditch cannot be constructed wholly upon appellant's land; that the point at which the creek crosses the right of way and embankment of appellee and where such ditch must necessarily empty into the creek is distant about 800 feet northeast of the northeast corner of appellant's land, and for that distance such ditch must be constructed upon land not belonging to appellant. A ditch constructed upon appellant's land will avail nothing, unless continued to the creek, and appellant cannot be burdened with the construction and maintenance of a ditch not upon her

land. Appellee cannot invoke the doctrine of avoidable consequences where appellant would be required to become a trespasser. C., R. I. & P. Ry. Co. v. Carey, 90 Ill. 514; C., I. & W. Ry. Co. v. Ward, 120 Ill. App. 212.

The plats and surveys of the lands involved and of the construction work done by appellee, were not improperly admitted in evidence.

What we have heretofore said obviates the necessity of discussing the propriety of the action of the court in refusing certain instructions offered on behalf of appellant. The instructions were properly refused.

We perceive no objection to the first instruction given at the instance of appellee. In substance, it informed the jury that they were bound under their oaths to take the law of the case from the court and to apply it to the facts as found by them. Appellee's third given instruction is open to the objection that it singles out one established fact in the case and informs the jury that, as a matter of law, a certain conclusion does not necessarily follow therefrom. Such instructions merely mislead and confuse the jury. Weston v. Teufel, 213 Ill. 291. Appellee's fourth given instruction states the law applicable to the case with substantial accuracy. Whether appellee constructed its railroad in a proper and reasonably skillful manner was a question of fact for the jury. Appellee's fifth given instruction was not applicable to the case and should have been refused.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*