## Thomas L. Reeve, Defendant in Error, v. Leibrandt Plumbing Company, Plaintiff in Error.

### Gen. No. 16,222.

EVIDENCE—*effect of hearsay.* Hearsay evidence does not tend to establish a fact sought to be proven.

Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 14, 1912.

HARRY A. BIOSSAT, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is a suit by Reeve, hereafter called the plaintiff, against the Leibrandt Plumbing Company, a corporation, hereafter called the defendant, to recover for an alleged breach of contract. Upon the trial by the court below, the issues were found for the plaintiff, the damages assessed at $50, and judgment entered thereon, which judgment we are asked by the defendant to reverse.

It is not disputed that the parties entered into a written agreement for Reeve, the plaintiff, to do certain gas-fitting work at 3443 Wabash avenue for the defendant, for the sum of $50. Neither is it disputed that the plaintiff proceeded to do the work, and while progressing with it and nearing completion he was stopped and prevented by the defendant from doing further work, although the plaintiff was willing and able to complete the job. The explanation of this conduct of the defendant is that before the plaintiff was given the contract he was asked by Fred Leibrandt, the president of the defendant company, "if he was a

union man, and he said no, but that he had a permit from the union to do work, so I told him that under the circumstances I would give him the contract.'' It is claimed that the representation by the plaintiff that he had ''a permit from the union to do work'' was untrue, and therefore a misrepresentation which rendered the contract void.

We agree fully with the attorney for plaintiff in error in his statements of the law, but the trouble with his case is that there is no competent evidence that the statement made by the plaintiff was untrue when made. The only thing in the record touching this question is the testimony of Leibrandt, who says, ''I was notified by the union that the plaintiff had no permit.'' Manifestly this is only hearsay, and no evidence whatever as to the fact of whether or not Reeve had a permit.

The defendant therefore having failed to justify its interference with plaintiff's work, the plaintiff was entitled to recover the full amount provided for in the contract. The judgment therefore is affirmed.

*Affirmed.*