# Henry Vogler, Appellee, v. Chicago & Carterville Coal Company, Appellant.

1. WATERS AND WATER COURSES, § 29*—*when evidence sufficient to prove claim of ownership of land.* In an action to recover for injury to land, due to overflow a devise to plaintiff of the fee of the land in question is sufficient prima facie to prove that testator claimed to own the land, it being not necessary to prove such a claim by words.

2. WATERS AND WATER COURSES, § 27*—*when person in possession sufficient title to maintain action for damages for overflow.* In an action to recover for injury to land, due to overflow, the possession of plaintiff under a devise of the fee of such land by the will of plaintiff's father is sufficient proof of ownership thereof to maintain the action against one showing no title.

3. EJECTMENT, § 8*—*when prior possession under claim of title in fee sufficient to maintain action.* Although strictness in the proof of title is required in actions of ejectment, proof of prior possession by plaintiff claiming title in fee is prima facie evidence of title and seizin, and will enable plaintiff to maintain such an action unless defendant shows a better title.

4. DEEDS, § 194*—*when parol evidence admissible to show that deed is release of mortgage.* In an action to recover for an injury to land, due to overflow, where, in order to deny title in plaintiff, defendant offered evidence of a conveyance to plaintiff of only part of such land, *held* proper for plaintiff to show that the conveyance in question was really a release of a mortgage, plaintiff having borrowed money from the grantor named in such conveyance and given a deed to the land therein conveyed in lieu of a mortgage.

5. WATERS AND WATER COURSES, § 29*—*when evidence sufficient to prove title to land.* In an action to recover for injury to land, due to overflow, where plaintiff was in possession under a devise of the fee of such land under the will of his father who claimed title, and where there was no evidence of a better title in any other person, evidence *held* sufficient prima facie to prove title in plaintiff.

6. WATERS AND WATER COURSES, § 30*—*when question for jury whether overflow due to obstruction of sloughs.* In an action to recover for injury to land alleged to be due to the act of defendant in obstructing certain sloughs with debris so as to prevent water from draining off plaintiff's land by means of such sloughs and to cause it to be backed up on such land, where the evidence was conflicting as to whether the obstruction was caused by the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

construction of a railroad in the vicinity but where there was evidence in some degree tending to show that the overflow was the result of defendant's act, *held* that the question whether the overflow was the result of defendant's act was for the jury.

7. WATERS AND WATER COURSES, § 29*—*when evidence sufficient to sustain finding that overflow caused by obstruction of slough.* In an action to recover for injury to land alleged to be due to the act of defendant in obstructing certain sloughs with debris so as to prevent water from draining off plaintiff's land by means of such sloughs and to cause it to be backed up on such land, where the evidence was conflicting as to whether such obstruction was caused by the construction of a railroad in the vicinity, but where there was evidence tending to show that the obstruction was caused by defendant's deposits of debris, causing an overflow of water on plaintiff's land, a verdict finding that such overflow was the result of the act of defendant *held* not manifestly against the weight of the evidence.

8. APPEAL AND ERROR, § 1413*—*when verdict will not be disturbed.* In an action to recover for injury to land alleged to be the result of defendant's act in obstructing. drainage so that water was caused to be backed up on plaintiff's land, a verdict for plaintiff will not be disturbed where in a former trial of the action on substantially similar evidence the jury returned a similar verdict.

9. WATERS AND WATER COURSES, § 27*—*when tenant may sue for injury to crops.* In case of damage to land by overflow, a tenant in possession thereof may recover for crops raised thereon by such tenant alone.

10. WATERS AND WATER COURSES, § 32*—*what is measure of damages for injury to land in favor of landlord.* In an action by a landlord to recover for injury to land in the possession of a tenant, due to overflow, among the proper elements of damages in such action are the value of any crops raised by him, depreciation in the rental value of the land or of its value as a home, in so far as caused by defendant's wrongful act.

11. WATERS AND WATER COURSES, § 31*—*when instruction on measure of damages for injury to land due to overflow proper.* In an action to recover for injury to the value of land due to overflow, part of which was in the possession of a tenant, and on which both landlord and tenant had planted crops, and where an instruction was given that in assessing damages the jury should consider the rental value of the land and the discomfort and deprivation of the health, use and comfort of plaintiff's home, caused by defendant's wrongful act, *held* that there was no reason for supposing that the jury assessed as an element of plaintiff's damages the value of any crops planted by the tenant.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vogler v. Chicago & Carterville Coal Co., 196 Ill. App. 574.

12. WATERS AND WATER COURSES, § 29*—*when evidence admissible to show productiveness of soil in action for injury to land due to overflow.* In an action to recover for injury to land by reason of an overflow of water thereon caused by defendant's wrongful act, evidence is competent of the opinion of witnesses as to what the land in question would have produced under a reasonable state of cultivation, its capacity, etc., not as the measure of plaintiff's damages, but as tending to show the productiveness of the soil under reasonable conditions.

13. WATERS AND WATER COURSES, § 32*—*what damages recoverable by occupant of land for injury due to overflow.* In an action by the occupant of land to recover for injury thereto as a result of an overflow of water thereon caused by the wrongful act of defendant, plaintiff is entitled to recover for personal annoyance and for being deprived of the comforts and use of his home, as far as caused by the nuisance complained of.

14. DAMAGES, § 191*—*when amount to be awarded question for jury.* Where the jury are properly instructed as to the assessment of damages, the amount to be assessed is a question for the jury to be determined by the exercise of their best judgment under all the evidence.

15. APPEAL AND ERROR, § 1547*—*when giving of instruction assuming ownership of land in plaintiff not reversible error.* In an action to recover for injury to land, due to overflow, it is not reversible error to give an instruction assuming that plaintiff is the owner of the land injured where there is no evidence in the record contradicting plaintiff's title.

16. WATERS AND WATER COURSES, § 31*—*when question of tenancy need not be considered in instructions.* In an action to recover for injury to land, a part of which is in the possession of a tenant, but where there is no evidence that such tenant is in possession of all the land in question, there is no occasion for discussing the question of tenancy in instructions.

17. WATERS AND WATER COURSES, § 31*—*when instruction limiting recovery of damages for injury due to overflow to rental value of land covered by water properly refused.* In an action to recover for injury to land by reason of an overflow of water thereon due to defendant's wrongful act, an instruction limiting the recovery in the action to the rental value of the lands actually covered by the overflow, *held* properly refused where the count on which the instruction was based also alleged that by reason of the overflow large quantities of water remained on the land, rendering such land and premises incommodious, unhealthy and unfit for agricultural purposes.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vogler v. Chicago & Carterville Coal Co., 196 Ill. App. 574.

18.   EVIDENCE, § 366*—*when question improper as calling for conclusion.*   In an action to recover for injury to land as a result of an overflow of water thereon alleged to be due to defendant's wrongful act, a witness was asked, what in his judgment was the "reason for this water backing up on Henry Vogler's land." The witness answered: "This refuse that comes from the water has filled up this slash; the water can't get away and backs it up over the farm is all." *Held* no error in permitting the witness to answer, although the question was objectionable as giving witness an opportunity to give a conclusion or an opinion, since the answer stated a fact, and though objectionable as to its latter part, it was not open to the objection made.

19.   WATERS AND WATER COURSES, § 32*—*when damages for injury to land due to overflow not excessive.*   In an action to recover for injuries to land as a result of an overflow of water thereon due to defendant's wrongful act, where it appeared that the water discharged was of a deleterious character, and rendered plaintiff's home noisome, uncomfortable and inconvenient, and where there was evidence of a depreciation in the rental value of such land due to defendant's act, a verdict for plaintiff for $650 *held* not so excessive as to warrant a reversal.

Appeal from the Circuit Court of Williamson county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed September 1, 1915.

W. A. SCHWARTZ, HOSEA V. FERRELL and DENISON & SPILLER, for appellant.

NEELY, GALLIMORE, COOK & POTTER, for appellee.·

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

The appellee recovered a judgment against appellant for $650, which it is sought to reverse by this appeal. This case has been tried twice in the Circuit Court and was in this court at the March Term, 1913, and is reported in the case of *Vogler v. Chicago & C. Coal Co.,* 180 Ill. App. 51. At the former trial a verdict and judgment was obtained for $1,500, which was reversed by this court because in that case damages were claimed and, as we thought, a verdict rendered

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

578    Appellate Courts of Illinois.

Vogler v. Chicago & Carterville Coal Co., 196 Ill. App. 574.

for a permanent injury to the land, when the appellee was entitled only to recover the rental value and such other damages as injured the premises as to habitation, etc. The evidence as to the nuisance created is substantially the same as on the former trial, except as to the measure of damages, and reference is made to said case for the statement of facts, which will not be so fully repeated here.

The first count of the declaration charges that the appellee was the owner and lawfully possessed of the Southwest Quarter of the Northwest Quarter, Section 18, Township 8, Range 2 East of the Third Principal Meridian, and the Southeast Quarter of the Northeast Quarter of Section 13, Township 8, Range 1 East, which he occupied and enjoyed as a residence and for agricultural purposes, and charges that the defendant wrongfully and unlawfully filled up a branch and natural drain flowing along the southwest corner of the above described premises with slack and waste substance from its mine, and diverted and changed the natural flow of the water that fell on and flowed off of the above described premises into said branch so that said water could not flow off of said lands in the natural way, and that the water that fell on said lands was caused to be and remained standing thereon and thereby rendered the premises incommodious, unhealthy and unfit for occupation and agricultural purposes.

The second count avers that defendant wrongfully and unlawfully pumped water out of its mine and deposited it in large quantities so as to cause plaintiff's premises to overflow and rendered the land unhealthy and unfit for agricultural purposes and occupation as a residence.

The first additional count is, in substance, the same as the first count, except that it contains the further averment that by reason of the wrongful acts aforesaid divers noisome, noxious and offensive vapors, fumes, smells and stenches arose from said standing water on

the premises aforesaid, and the air through and about the home of plaintiff was thereby greatly filled and impregnated with such noxious and offensive vapors, fumes, smells and stenches and rendered such home unwholesome, uncomfortable and unhealthy, etc.

The second additional count is substantially the same as the second count, except that the wrongful act charged is that they negligently pumped water and refuse out of the said mine and deposited the same upon the premises of plaintiff so the same overflowed, etc.

The third additional count charges that the defendant negligently and injuriously allowed the mine water from its mine and the refuse and filth from its washer to flow to the pond and over the premises of plaintiff and thereby certain filth, slime, mud, refuse, slack and other debris were washed and carried to, upon and over the premises of plaintiff, from which stenches and odors arose, and that said debris and filth was deposited in the wells of plaintiff and the water rendered unwholesome, and the premises and home of the plaintiff rendered unhealthy and unfit for occupation as a home, and for agricultural purposes.

To this declaration the defendant filed a plea of not guilty, and plea of the Five-Years' Statute of Limitations, and a plea denying that the plaintiff was the owner of the property described in the declaration; on which issues were joined.

The first objection raised and argued by appellant for the reversal of this case is that: "Appellee was not the owner of the land." It was shown by appellee that his father devised this land to him in fee, but appellant insists that there was no evidence showing that John Vogler ever claimed to own the land or was in possession. The fact that John Vogler devised this land to his son is proof at least sufficient to make a prima facie case that he claimed to own it, as by his will he purported to convey the fee. It was not nec-

580 APPELLATE COURTS OF ILLINOIS.

Vogler v. Chicago & Carterville Coal Co., 196 Ill. App. 574.

essary to prove this claim by words. This act, in our judgment, coupled with the further fact that appellee was then in possession and has ever since continued in possession of it, is sufficient proof of ownership against one who showed no title whatever. *DeWitt v. Bradbury*, 94 Ill. 446.

Even in cases of ejectment where strictness is required in the proof of title, our Supreme Court has said: " 'And it is perfectly well settled, both upon common law authority and by decisions of this court, that in an action of ejectment proof of prior possession by the plaintiff, claiming to be the owner in fee, is prima facie evidence of ownership and seizin, and is sufficient to authorize a recovery unless the defendant shall show a better title.' And in *Keith v. Keith, supra* [104 Ill. 402] it is said: 'Prior possession alone is evidence of a fee, and although the lowest, until rebutted by a higher it must prevail.' " *Coombs v. Hertig,* 162 Ill. 172.

There was no evidence offered by appellant denying the title of appellee except that it appeared from the testimony of appellee that a conveyance had been made to him of a portion of this land by Philip Weinberg in the year 1911, but this was shown to have been in fact a release of a mortgage. Appellee stated that he borrowed $200 of Weinberg and gave him a deed in place of a mortgage to secure the loan, and this is not disputed. We think it was proper to show the nature of the conveyance and purpose of the deed reconveying the property. In the absence of any evidence tending to show title in any one else other than appellee, we are inclined to think that the evidence offered was at least sufficient to create a prima facie title.

The second objection raised by counsel is that: "The land in question is naturally low land and it does not overflow now more than it formerly did and any overflows were caused by the construction of the railroads." While it is true that there was evidence in-

troduced tending to show the construction of the railroad as claimed may have had some influence upon the flow of the water from this slash, but we think there was also evidence tending to show that the deposits of slack and other debris from the mine of appellant filled up, or tended to fill up, the drainage of these sloughs and tended in some degree to show it filled up the slash so as to cause appellee's land to overflow. To say the least of it, the evidence upon this question was conflicting, and as to whether appellant's acts in creating the deposits claimed did cause the injury to appellee's lands and premises was, as we think, purely a question of fact for the jury, and we cannot say that its finding in this respect was manifestly against the weight of the evidence. It also appears from this record that under substantially the same evidence two juries have determined that appellant's negligent acts caused the injury complained of to appellee's land, and we are not willing to disturb its finding in that respect.

The next objection raised is that the land in question was in possession of a tenant and the right of action for damages to crops was in the tenant and not in Henry Vogler. We do not understand from this evidence that the land in question was in the possession of a tenant, but the evidence shows that appellee himself resided upon this land all the time, and while he kept a man by the name of Parsons, and his wife, in the house he still retained possession and, as he says, rented this land, or a portion of it, from time to time to Parsons, but we do not understand that Parsons was in the exclusive possession of this land at any time. While it is true, as a legal proposition, that for damage done to any crops raised by the tenant the tenant alone would have the right to recover for injuries to such crops, but to such of the crops as the landlord himself may have raised or any damage that may have arisen to him in the depreciation of the rental value of his lands,

or in its depreciation as a home, would all be proper elements to be considered by the jury in arriving at the damages sustained by appellee; and in determining this the jury were told by the instructions that in ascertaining the damages they should take into consideration the rental value of the land and the injury to the home of plaintiff and the discomfort and deprivation of the health, use and comfort of his home, if any is shown by the evidence.

Henry Vogler did, from time to time, put out crops of his own upon this land and at other times prepared it for crops and was deprived of the planting by reason of the wrongful acts of appellant. We do not believe that under the evidence, and the instructions given by the court as to the damages for which appellee would be entitled to recover, that we would be warranted in saying the jury assessed and gave to appellee any damage for the crops raised by Parsons.

The next complaint is, that the correct measure of damages was the rental value of the land alleged to have been overflowed, or where crops had been destroyed the value thereof, and under this heading complaint is made that some of the witnesses testified as to what the land had produced under a reasonable state of cultivation, its capacity, etc. This evidence, however, was not given or taken as the amount of damages to which appellee was entitled to recover, but was permitted to be introduced as tending to show the productiveness of the soil and what the land had produced under reasonable conditions. As we understand the rule, it was a matter for the jury to determine under all of the circumstances and under proper instructions as to the measure of damages, and what the damages were. In addition to the rental value of the land, appellee was entitled to recover for any personal annoyance and deprivations of the use and comforts of his home, in so far as they were occasioned by the nuisance of which he complains. We think it is well said in

FOURTH DISTRICT—SEPTEMBER, 1915.    583

Vogler v. Chicago & Carterville Coal Co., 196 Ill. App. 574.

the case of *N. K. Fairbank Co. v. Bahre*, 112 Ill. App. 292: "The amount in money necessary and proper to compensate appellee is not to be stated by witnesses, nor by the judge who tried the case, nor can it be ascertained by any rule of arithmetic. It must be left to the sound judgment of the jury, under proper instructions, to fix the amount, in view of all the facts and circumstances of the case." We believe that upon the question of the measure of damages the jury were properly instructed, and that the amount of damages was a matter to be determined by them in the exercise of their best judgment under all of the evidence.

Objection is made to the first, seventh and ninth of appellee's instructions, because they assume that the plaintiff is the owner of the land in question. We do not regard this point as well taken, and even if the assumption existed as claimed it would not be any ground for a reversal for there is no evidence in this record contradicting the ownership of this land by appellee, and the giving of such an instruction under the evidence would not be reversible error. *Citizens' Ins. Co. v. Stoddard*, 197 Ill. 330.

The objection to instruction No. 11 has been answered by comment upon the former instructions, except as to the question of tenancy, and we can see no reason why the question of tenancy should be included in this instruction, and none has been pointed out.

It is complained that the court erred in refusing appellant's first refused instruction because it says the instruction is based upon the first count of the declaration and that by this count no damages are claimed to crops or from smells, etc., but only from the overflow of the land. Counsel are mistaken as to the contents of this count of the declaration for it states that by reason of the premises large quantities of water were caused to stand and remain upon the said land, whereby said land and premises had been rendered incommodious, unhealthy and unfit for agricultural

584 Appellate Courts of Illinois.

Vogler v. Chicago & Carterville Coal Co., 196 Ill. App. 574.

purposes. The court did right in refusing it because it limited the recovery to the rental value of the land actually covered by the standing water.

Complaint is also made of the court in refusing appellant's third refused instruction. This instruction was properly refused. It was misleading and not based upon the evidence in the case as there is no evidence tending to show that the tenant Parsons was in the exclusive possession of this land and ignores the testimony as to the crops raised by appellee.

Objection made to refused instructions four, five and six have already been answered. As to No. 7, we regard this instruction as being improper and argumentative. While instruction No. 8 might have been properly given, yet we do not think it reversible error to refuse it.

It is insisted that the court committed error in permitting the witness Johnson to be asked the following questions: "Q. What in your judgment, as you know the premises, as you have described, is the reason for this water backing up on Henry Vogler's land?" The question as asked might be criticised as giving the witness an opportunity to give a conclusion or an opinion. The answer to this question is: "A. This refuse that comes from the water has filled up this slash; the water can't get away and backs it up over the farm is all." It appears to us that this answer states a fact that the slash is filled up with refuse that comes from the water and that the water then cannot get away. The latter part of the answer might be subject to criticism but we think it not subject to the criticisms made by counsel.

The other objections made to the testimony, as to what the land had produced, have been considered in the former part of this opinion.

It may be that the verdict is larger than would have been given by the trial judge, or than an arithmetical calculation would establish, but when all the facts are

taken into consideration, in connection with the noisome, uncomfortable and inconvenient effects that the deleterious waters are claimed to have had upon appellee's home and surroundings, together with the depreciation in the actual rental value of the land from year to year, we are not able to say that the verdict is so excessive as to require a reversal of this case, and the judgment is affirmed.

*Judgment affirmed.*