George P. Racine, Trading as George P. Racine and Company, Appellant, v. The Catholic Bishop of Chicago, Appellee.

Gen. No. 9,170.

DOVE, J., dissenting.

Opinion filed April 14, 1937. Rehearing denied May 21, 1937.

COBURN, KEARNEY & COBURN, of Chicago, for appellant; EDMUND H. PALMER, of counsel.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS and CHARLES F. RATHBUN, all of Chicago, for appellee; HAROLD J. TALLETT, of Waukegan, and WILLIAM H. SYMMES and CHARLES F. RATHBUN, both of Chicago, of counsel.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

This is an action for damages to plaintiff's land, instituted by appellant against appellee, in the circuit court of Lake county. Appellant contends that he is the owner of a tract of land which he had caused to be subdivided into lots for the purpose of sale; that appellee caused to be erected a large seminary in the vicinity of said subdivision; that a creek ran along one side of the subdivision, and that appellee permitted the sewage from the seminary buildings to flow into this creek; that the air over the subdivision thereby was filled with foul odors, and by reason thereof the business of plaintiff was completely destroyed. At the close of the plaintiff's evidence, on motion of defendant, the court instructed the jury to find the defendant not guilty. The plaintiff has prosecuted this appeal.

The land in question was a 50-acre tract belonging to Mrs. Rebecca Holcomb. The property was located at Mundelein, Illinois. On July 12, 1924, she entered into a contract with appellant, wherein she was designated as the party of the first part, and appellant, as party of the second part; and wherein it was provided that:

"Said party of the first part agrees to accept the sum of One Hundred Thousand Dollars ($100,000.00) for said property to be paid to her from the proceeds of the sale of lots or blocks to be subdivided as hereinafter set forth, such payment to be made as follows:

"Upon the sale of each lot or block seventy-five percent (75%) of the first payment thereon is to be paid to said party of the first part and twenty-five percent (25%) to the said party of the second party; and all subsequent payments in the same proportions. Such One Hundred Thousand Dollars ($100,000.00) are to be paid to said party of the first part on or before fifteen months (15) from date hereof, and if not so paid at that time, so much of the balance as shall remain unpaid shall bear interest at the rate of six per-

cent (6%) per annum, beginning October 12, 1925, until fully paid.

"The party of the first part agrees to pay general taxes on said property for the year 1924.

"The party of the second part, in consideration of the above, agrees to conduct a selling campaign and to advertise said lots and pay all expenses incidental thereto, and also to pay for the surveying, filing of plat, staking of lots and streets and other incidentals thereto.

"This contract is to be binding upon the heirs, executors, administrators and assigns of the parties hereto.

"Witness our hands and seals the day and year first above written.

"Rebecca C. Holcomb  (SEAL)<br>
George P. Racine     (SEAL)"

Appellant claims that the court erred in sustaining the motion of appellee and in directing a verdict. Appellee takes the position that the alleged nuisance in question was not a permanent one, but such as is commonly termed a temporary or continuing nuisance; that in such cases, future damages beyond the time of beginning the suit, and damages involving depreciation in land value, cannot be recovered in an action based upon a temporary or continuing nuisance. Appellee further contends that the only question presented in this appeal is one of the correct measure of damages, urging that appellant sought to recover damages in this case to which, under the law, he was not entitled.

It has been said, as to nuisances which may be removed at any time or abated at the instance of a party aggrieved thereby, that the depreciation in the market or selling value of the premises affected, was not the measure of damages, and evidence of such depreciation not proper. *Fairbank Co. v. Nicolai*, 167 Ill. 242, 246.

If the property alleged to be damaged is rental property, then in case of injury from such nuisance, the damages would be measured by the loss in rental value; and if the plaintiff occupies the premises himself, the damages would be measured by his discomfort and the deprivation of the use and comforts of his home. In the case now before us, the plaintiff neither lived upon the premises nor used the same for rental purposes. He alleged that a total loss had been sustained by him with respect to the market value of the unsold lots in said subdivision. It has been said that the pollution of a stream by sewage is a continuing nuisance, and that, "when a nuisance is regarded as a continued rather than a permanent one, judgments at law are held to afford compensation only for the injury sustained to the time of such judgment, and a continuance of the nuisance is a grievance for which subsequent actions may be maintained." *City of Kewanee v. Otley,* 204 Ill. 402, 411. To the same effect are *Schlitz Brewing Co. v. Compton,* 142 Ill. 511; *Collins v. Cosgrove-Meehan Coal Co.,* 279 Ill. App. 98.

After an examination of the record, we fail to find where appellant's evidence tended to show any item of damages which could be considered proper under the rules applicable to this action. The record fails to disclose any evidence tending to show what damages appellant claims to have sustained or the extent thereof, except his claim that the appellee, by admitting sewage to the creek, has destroyed the entire market value of the unsold lots in said subdivision, to the damage of appellant of $105,000. Such was not a proper element of damages in this case. Appellant announced that he was not contending for nominal damages and expressly waived that feature of the case.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Dove, J., dissents.