(No. 3327—

HERBERT LONGDEN AND LULA LONGDEN, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*

*Rehearing denied September 9, 1942.*

HOGAN & COALE, for claimants.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

Claimants state that they are the owners, as joint tenants in the following described real estate to-wit:

The East fifty-one and one-half (51½) feet of the West one hundred eight (108) feet of the South one hundred forty-two (142) feet of the East half (E½) of Out Lot One (1) in Wilkinson's Second Addition to Taylorville, Christian County, Illinois.

which property is designated as 1015 East Park Street, Taylorville, Illinois, and is improved by a frame house and garage, and has been and is used now by claimants as and for their home.

That said property is bounded on the east side by Snodgrass Street, a public street in said city, which street runs north and south, and formerly ended at Park Street now the street over which State Bond Issue Route 48 passes through said city.

That during February, 1934, the respondent constructed a subway under the Wabash Railroad on Park Street in said city on what is designated as State Bond Issue Route 48 construction Sections 134S and 134SB. The work was completed and opened to traffic in October, 1934. Claimants say that in the construction of this subway under the tracks of the Wabash Railroad that it became necessary to excavate deeply under said railway, and that said excavation continued in front and beyond claimants' property; that in the construction of it, Snodgrass Street was closed where it formerly entered Park Street, and it became impossible for claimants to enter their property by way of Park Street, and they are now compelled to go a great distance further than formerly, and are greatly inconvenienced thereby.

That said Snodgrass Street was closed without legal authority, and without consent of the claimants and the closing of Snodgrass Street, and excavation in front of claimants' property was done without compensation of any kind to claimants, and resulted in taking property of claimants without due process of law, and in damaging the property of claimants for public use without compensation. They ask that an award be entered in their favor for $1,000.00.

The Attorney General files a motion to dismiss the complaint and attaches thereto an affidavit of M. K. Lingle, Engineer of Claims, Division of Highways, Department of Public Works and Buildings of the State of Illinois, together with a photostatic copy of a deed of dedication signed and sealed by Herbert Longden and Lula Longden, his wife, which said deed of dedication is duly recorded in the recorder's office of Christian County, Illinois, in book 165 of Deeds, Pages 80-81 as document number 97381 dated November 7, 1928.

The facts in this case are similar to Charles Longden and Clara Longden number 3326 in which an opinion was filed at the May term of this court.

The consideration for the deed of dedication in this case was for $1.00 in hand paid, and for "the benefits resulting from the maintenance of the public highway." By examining the description as set out in the complaint and the land described in the deed of dedication it is found that the land described in Paragraphs (1) and (2) in the claimants' complaint includes the land dedicated and represents real estate

holdings of the claimants on the north side of Park Street (S. B. I. Route 48) at the address designation of 1015 East Park Street, Taylorville, Illinois.

Further this complaint does not allege that the claimants were, or either of them was the owners of the property during the time, or any part of the time, that the subway under the Wabash Railroad referred to in the complaint was being constructed.

As was said in Charles and Clara Longden, number 3326, "Where an owner dedicates property for public use in connection with public improvement, the law conclusively presumes that the consideration for the dedication is based not only on the value of the land dedicated but also any damages sustained to contiguous land of the owner by reason of the improvement. *Lepski, Admr.* vs. *State,* 10 C. C. R. 170; *Lamp* vs. *State,* 6 C. C. R. 349; *Baber* vs. *State,* 9 C. C. R. 115; *C. R. I. & Pac. Ry. Co.* vs. *Smith,* 111 Ill. 363; *Atterbury* vs. *C. I. & S. L. Ry. Co.,* 134 Ill. App. 330; *Siekman* vs. *State,* 10 C. C. R. 286.

The right to a cause of action for consequential damages to property affected by a public improvement is in the owner of the property at the time the work was done or the improvement constructed. *Chicago & Alton R. R. Co.* vs. *Maher,* 91 Ill. 312 (314); *Chicago & Eastern R. R. Co.* vs. *Loeb,* 116 Ill. 206 (216); *Penn. Mutual Life Ins. Co.* vs. *Heiss,* 141 Ill. 35; *Northshore, R. R. Co.* vs. *Payne,* 192 Ill. 239 (247); *Horney* vs. *State,* 9 C. C. R. 354.

Under the deed of dedication the claimants forever released the respondent from all damages of every nature and description that might be occasioned upon or to their property described in said deed, by reason of the construction and maintenance of S. B. I. Route 48, under said deed the claimants are barred from any right to an award by this court.

The motion of the Attorney General is sustained, and the complaint is dismissed.