Frank B. Looby, Plaintiff-Appellee, v. H. P. Buck et al., Defendants-Appellants.

Gen. No. 11,193.

Second District, Second Division.

January 8, 1959.

Rehearing denied February 9, 1959.

Released for publication February 9, 1959.

Robert G. Scott, of Rock Island, for defendants-appellants.

Schroder & Schroder, by Robert C. Schroder, of Rock Island, for plaintiff-appellee.

JUSTICE SOLFISBURG delivered the opinion of the court.

This is a suit in equity to enjoin the defendants-appellants from altering the contour of their land by grading and excavating and thereby casting surface waters upon plaintiff's lands and for damages allegedly suffered by plaintiff as a result thereof. After a hearing on the merits, the court, which heard the case without a jury, dismissed plaintiff's prayer for injunctive relief for want of equity but entered judgment for the plaintiff and against defendants for $2,175 and costs of suit. The defendants appeal from that part of the decree which rendered a money judgment against them. Plaintiff did not cross-appeal.

The plaintiff's "Bill for Injunction" alleged: That plaintiff owned lot 43, Assessor's Plat of 1879, Milan, Illinois; that defendants were the owners of Matthews Heights First Addition, Milan, Illinois; that "the land of the defendants is a dominant tract in that it is on a hill immediately south of the land of the plaintiff and that the defendants have altered the contour of said land by grading and excavation so that surface water formerly drained in natural water courses and

157

absorbed by soil and vegetation upon said hill now drains upon the land of the plaintiff, and others, which is a servient tract and that the defendants are continuing to alter the contour and drainage of their land and have and are making no provision for the water runoff"; that as a result of such wrongful acts "certain drainage ditches running past and along the property of said plaintiff, after one rain, have become filled with mud and silt and that a certain tile running past and along and afront of the plaintiff's dwelling house has become clogged and filled with mud and silt and the plaintiff's basement has been flooded caused by the filling of the ditches and the tile; that the defendants have persisted in such wrongful conduct over plaintiff's protests; and that "the damage already incurred by this plaintiff through the flooding of his land, clogging of his tile and flooding of his basement amounts to at least Five Thousand Dollars."

The evidence adduced may be summarized succinctly for purposes of this opinion. Plaintiff's land was located at the northwest corner of the intersection of Andalusia Road (running in a generally easterly and westerly direction) and 4th Street West (running in a generally northerly and southerly direction) in Milan. A ditch and tile ran along the entire east side of plaintiff's property, which ditch and tile were located in the road right-of-way of 4th Street West in the Village of Milan. This ditch and tile drained in a northerly direction and carried part of the water draining off the land south of, and across, Andalusia Road. The tile ran under plaintiff's driveway and was circular, being 18 inches in diameter at the south end and 15 inches in diameter at the north end. Defendants' lands, which they were developing as a subdivision, were immediately south of Andalusia Road and plaintiff's property. From Andalusia Road south the ground gently sloped upward approximately four or

five hundred feet and then rose abruptly for 30 or 40 feet to form a ridge running to the east. Over the ridge the land in a natural state sloped south. In developing the addition the defendants cut through this ridge. During the course of this grading in April of 1955, there occurred three heavy rains. Plaintiff testified that as a result of defendants' excavations on the hill south of his property and the heavy rainfall, his basement was flooded with silt-laden water to a depth of four to six inches. There was water in his basement for the last ten days in April, the basement drain and the tubes under his driveway were clogged with fine yellow silt, and his fields were flooded. Plaintiff testified that there had been no flooding either prior to the times in controversy or subsequent thereto; plaintiff in his brief concedes that he is seeking relief merely for temporary injury to his real estate.

The defendants urge several errors, but in our opinion one is decisive of this appeal, and it alone need be considered. Defendants contend that the amount of damages was not supported by the evidence. As we view the record on the subject of damages, we believe that plaintiff failed to make any proper proof of damages. Following is the entire evidence on the question of plaintiff's damages:

(Interrogation of Mr. Looby, the plaintiff, by his counsel)

Q. Have you investigated the cost and difficulty involved to put your ditch and tile in the condition it was before April, 1955?

A. I have.

Q. By the way, who is taking care of that ditch on the northwest corner of Andalusia Road?

A. I have always taken care of it.

Q. Have you borne the expense?

A. Yes.

Q. Has the Village of Milan ever helped you?

A. No.

Q. How about the tile?

A. The same thing.

Q. Was that your responsibility?

A. I have been keeping the lower end of it shoveled out for the last two years. There has been nothing done about it, although I have complained about it.

Q. What would be your expense in cleaning up the ditch?

Counsel for Defendants: I want to object that it is incompetent, irrelevant and immaterial.

The Court: As to what he has been told?

Counsel for Defendants: Yes, and also that it would be hearsay; also incompetent, irrelevant and immaterial as to what it would cost to clean out that ditch.

The Court: I will overrule that objection but would sustain it as hearsay.

Counsel for Defendants: I make that objection if he testifies as to what someone told him.

Counsel for Plaintiff: Mr. Looby testified he investigated the expense involved to him in putting this ditch and tile into shape and I am quite sure he can so testify.

The Court: You think because he investigated that takes it out of any objection as to hearsay.

Counsel for Plaintiff: Yes.

The Court: That objection as to hearsay is sustained.

Q. Do you know from your own investigation and equipment and labor in your own mind what the cost would be?

A. Yes, I do.

Q. Will you tell the Court what that would be?

A. I contacted Mr. Joseph Normoyle of Normoyle & Berg. He said it would cost about $300 to clean the ditches to the north and south. If the tile had to be taken up, it would be about $1,875 additional.

160

Q. It would be necessary to take up the tile to put it in any kind of condition as it was before April, 1955?

A. Those are the prices he gave me.

Q. What about the ditch?

A. The ditch would cost about $300, $150 from my place to the Andalusia Road and $150 from the north end down to the Nu-Way Oil Company. So it would be $300 for digging out the ditch.

Q. $1,800 for the tile part of the job and $300 for the ditch part of the job?

A. Yes.

 The foregoing evidence does not constitute competent proof of damages for several reasons. The plaintiff's statement that he had been told by Joseph Normoyle of Normoyle and Berg that it would cost about $300 to clean the ditches and *if* the tile had to be taken up it would be about $1,875 additional was the basis for the amount of his judgment. This statement was obviously hearsay. Although hearsay evidence which has been received without objection is normally considered competent, nevertheless such hearsay evidence does not tend to prove a fact sought to be proven, Reeve v. Leibrandt Plumbing Co., 168 Ill. App. 541, 542; Hoover v. Empire Coal Co., 149 Ill. App. 258, 263. A statement by a witness whose testimony is based not upon personal knowledge but upon hearsay has no tendency to prove anything, see 2 Wigmore on Evidence (3rd Ed., 1940), § 657. This statement by plaintiff was made as a non-responsive answer to a question calling for an answer based on his personal knowledge. Nothing in the record identifies Joseph Normoyle, his qualifications, his personal knowledge of plaintiff's lands and improvements. Nothing in the record would indicate that the work referred to was necessary or that it was carried out or that the sums mentioned represented the fair, reasonable and customary charge for such work. A fair interpretation of plaintiff's state-

161

ment as set forth above would lead to the conclusion that the work had not been done at the time of trial. The greater part of plaintiff's judgment is based merely upon the statement attributed by plaintiff to Joseph Normoyle that *if* the tile had to be taken up, it would be about $1,875 additional. The record fails to disclose whether the tile was actually replaced. The only evidence in the record on the necessity of replacing the tile is in the plaintiff's testimony when he said that the tile in the ditch in front of his house would be completely blocked if he had not kept digging it out, that he never looked to see if the tile leading from his basement to the tile in the ditch was blocked, and that the water would drain out and the water still drains out. Plaintiff also testified that he had had no drainage trouble since 1955. Far from tending to prove that it would be necessary to dig up the tile, the evidence in the record tends to a contrary conclusion.

■ It was the plaintiff's burden to prove every material element in his case including damages, McPherson v. Board of Education Waukegan Tp. High School Dist., 235 Ill. App. 426, by competent evidence and with reasonable certainty. Damages cannot be predicated upon speculation, hypothesis, conjecture or whim, City of Joliet v. Donnelly, 129 Ill. App. 119; Racine v. Catholic Bishop of Chicago, 290 Ill. App. 284. We agree with defendants that the plaintiff's proof of damages was not sufficient.

■ Our attention has been invited to the fact that the ditch in question is not located upon plaintiff's property but rather is located in the public right-of-way of 4th Street West in the Village of Milan, Illinois. Defendants question the right of the plaintiff to recover damages based upon the cost of cleaning out a ditch located not upon his own property but upon right-of-way of a public road or street. Although no decision squarely in point has been brought to our

162

attention, Illinois decisions on this general subject beginning with Chicago R. I. & P. R. R. Co. v. Carey, 90 Ill. 514, 517, and more recently C. I. & W. Ry. Co. v. Ward, 120 Ill. App. 212, 214, and Atterbury v. Chicago, I. & St. L. Short Line Ry. Co., 134 Ill. App. 330, 334, strongly suggest that plaintiff has no right to recover for damages to a ditch or tile located on property belonging to another. It would seem fundamental that plaintiff lacks capacity to sue for the cost of cleaning out the ditch in the public right-of-way, at least in the absence of some showing of special interest different from that of the public at large, 18 McQuillin on Municipal Corporations, § 52.14 (3rd ed., 1950) and see Vogler v. Chicago & Carterville Coal Co., 196 Ill. App. 574. If plaintiff had sued for the cost of repairing or cleaning his basement, his furnishings or property, and then properly proved his damages, we would have a different case.

We conclude that plaintiff has failed in his proof as to damages. Accordingly, the judgment of the Circuit Court of Rock Island County is reversed.

Reversed.

WRIGHT, P. J. and CROW, J., concur.