**People of the State of Illinois, Defendant in Error, v. Thomas David Price, Plaintiff in Error.**

**Gen. No. 11,335.**

Second District, First Division.
February 16, 1960.
Released for publication March 4, 1960.

Thomas J. Maloney and Stephen Lee, of Chicago, for plaintiff in error.

Bruno W. Stanczak, State's Attorney of Lake county, and Eugene T. Daly and Russell L. Engber, of Waukegan, for defendant in error.

JUSTICE DOVE delivered the opinion of the court.

On May 11, 1954, an indictment was returned by the grand jury of Lake County charging Thomas David Price with burglary and larceny. The two burglary counts were subsequently nollied and on July 20, 1954, the defendant was duly arraigned in the circuit court of Lake County and entered a plea of guilty to the crime of grand larceny and the court duly adjudged him guilty of that offense. Prior to pronouncing sentence the defendant made an application to be admitted to probation and on July 28, 1954, his application was granted and he was released on probation for five years. The terms and conditions of his probation were embraced in an order filed that day and the cause was continued for five years.

This order admitting defendant to probation and continuing the cause provided, among other things, that the defendant would not, during the term of his probation, violate any criminal law of this state, any law of the United States or any ordinance of any municipality of this state and that defendant should refrain from drinking intoxicating beverages and frequenting taverns and should be confined to the Illinois State farm at Vandalia for the first four months of his probationary period.

On July 15, 1958, the probation officer of Lake County filed his verified petition in the Circuit Court of that County which, after reciting many of the foregoing facts charged, on information and belief, that the defendant on or about the 5th and 6th day of July,

367

1958, entered Vince's Lounge located in North Chicago, Illinois, a place where intoxicating liquors were sold and dispensed and there consumed intoxicating beverages contrary to the order admitting him to probation. This petition further charged that on the 6th day of July, 1958, defendant, at or near a place about one-half mile east of St. Mary's road or Atkinson road in Lake County, Illinois, had carnal knowledge of a female, Diane Slattery, forcibly and against her will contrary to section 490 of Chapter 38 of the Criminal Code of this State.

The prayer of the petition was that defendant be brought before the court and that a rule be entered against him to show cause why his probation should not be revoked and terminated and judgment entered and sentence imposed upon him on his original plea of guilty to the crime of grand larceny. The same day the petition was filed the court directed a capias to issue and entered a rule on the defendant to show cause why his probation should not be revoked.

On August 7, 1958, defendant appeared in open court with counsel of his own choosing and a hearing was had. At the conclusion of the hearing the court entered an order revoking the order of July 28, 1954, admitting defendant to probation. This order found the defendant to be 23 years of age and committed him to the Illinois State Penitentiary for an indeterminate sentence as provided by law for the crime of grand larceny and fixed the minimum duration of his imprisonment at two years and fixed the maximum duration of his imprisonment at eight years. To review this judgment order and sentence the defendant has sued out a writ of error and the record is before this court for review.

Counsel for plaintiff in error states that there is no express provision of our statute for a hearing in connection with the revocation of an order admitting a

368

defendant to probation and insists that where it appears that a defendant while on probation is charged with the commission of a criminal offense there must have been an adjudication of such substantive offense by a court having jurisdiction of such offense and a final judgment rendered adjudging defendant guilty of such subsequent substantive offense before the court granting probation can enter an order revoking the original order which admitted defendant to probation.

Counsel also insist that the summary hearing, order and ensuing sentence in the instant case "resulted from judicial usurpation of power under a law that has not been properly analyzed and clarified by our courts."

On June 10, 1911, an act providing for a system of probation authorizing the suspension of final judgment and the imposition of sentence upon persons found guilty of certain defined offenses and legalizing their ultimate discharge without punishment was approved by the Governor of this State and became the basis of our present probation system. As amended, this law authorizes a court, in which a defendant not previously convicted of a felony who has been found guilty, either by verdict of a jury or by the finding of a court of any criminal offense except certain enumerated crimes, to admit such a defendant to probation. The entry of such an order is discretionary with the judge hearing the case and can only be entered after judgment has been rendered and nothing remains to be done by the court except pronounce sentence. Before granting probation it must appear to the satisfaction of the court both that the defendant is not likely to again engage in an offensive or criminal course of conduct and that the public good does not require that the defendant shall suffer the penalty imposed by law. (Ill. Rev. St. 1959, Chap. 38, sec. 785.)

The following section of the act provides that orders granting or refusing release on probation shall be entered of record and if granted the judge shall enter an order continuing the cause in all cases (other than the violation of a municipal ordinance) for a period not exceeding five years and shall by such order fix and specify the terms and conditions of the probation of the defendant. It is further provided that a cause continued pursuant to the provisions of the act shall be deemed subject to the jurisdiction of court in which it is pending, or any judge thereof, for the full period of its continuance, during which time orders may be entered with respect to the conditions of probation, or final sentence may be imposed without the formal setting aside of such order of continuance. (Ill. Rev. St. 1959, Chap. 38, sec. 786.)

The act further provides that at any time during the period of probation the court may, upon report by a probation officer or other satisfactory proof of the violation by the probationer of any of the conditions of his probation, revoke and terminate the same and issue a warrant for the arrest of the probationer. It is then provided that upon the probationer being brought before the court for violation of his probation, the court may enter a rule upon the probationer to show cause why his probation should not be terminated and judgment entered, and sentence imposed upon the original conviction. The statute then provides that if, upon the probationer being brought before the court, the court shall be of the opinion that the interests of justice do not require the imposition of sentence and that the probationer should be re-committed to the care of the probation officer, the court may discharge the probationer from arrest, and may re-commit him to the care of the probation officer, subject, however, to the maximum limitation of the probation period as therein provided. "But" continues this section, "if the court shall be of the opinion that the interests

370

of justice require the imposition of sentence the same shall then be imposed. And in computing the period for which he is to be confined, the time between his release upon probation and his return to custody shall not be taken to be any part of the term of his sentence." (Ill. Rev. St. 1959, Chap. 38 sec. 789.)

Any order changing, modifying or terminating any probation period is subject to review by the appellate courts of this state which are given final jurisdiction to hear and determine all such appeals and writs of error "and such courts" continues the act, "may affirm, reverse or modify such orders so that the same shall conform to the provisions of this act, and so that its purposes and the interests of justice and society shall be best subserved." (Ill. Rev. St. 1959, Chap. 38, sec. 798.)

In People v. Kostaken, 16 Ill.App.2d 395, a writ of error was sued out of the appellate court of the First District to review an order of the criminal court of Cook County revoking the probation of John Kostaken. It appeared in that case that on January 27, 1950, Kostaken had entered a plea of guilty to the crime of armed robbery and on the same day was admitted to probation for a period of five years. On January 9, 1953, Kostaken was arrested charged with the robbery of Guiseppi Bassi and a warrant for violating his probation was issued on January 15, 1953. Thereafter he was indicted for the robbery of Bassi and on January 30, 1953, he was released on bail.

On June 15, 1954, a hearing was had upon an oral rule which had been entered by the court requiring the defendant to show cause why the order admitting him to probation should not be revoked. At the conclusion of the hearing the court revoked the probation and sentenced him to the penitentiary. A month or so later Kostaken made a motion to vacate that order and testimony was again taken. At the conclusion of the hearing of the motion to vacate, the court

denied that motion and Kostaken sued out of the Appellate Court of the First District a writ of error to review the action of the criminal court.

In the Appellate Court Kostaken contended (1) that he had been deprived of a speedy trial; (2) that he had been placed in double jeopardy; (3) that he was not informed of the nature of the charge against him and (4) that he was deprived of his right to a trial by jury. The court considered these several contentions and concluded there was no merit in any of them and affirmed the judgment order of the trial court.

In the course of its opinion the Appellate Court stated that the Probation Act did not require the filing of a written petition either by the State's Attorney or by the Probation Officer before the issuance of a warrant for the arrest of the defendant; that the record disclosed that the defendant was informed of the alleged violation of the criminal law of this state by defendant after he was in custody and that the record disclosed no prejudice to the defendant from the entry of the oral rule to show cause. The court further held that although approximately seventeen months had intervened between the issuance of the warrant and the hearing, none of Kostaken's constitutional rights were violated and that Kostaken could have pressed for an earlier hearing had he so desired. It was further held that there was no basis for claiming double jeopardy as Kostaken was not tried for the subsequent offense (the Bassi robbery) but was tried for violation of the order admitting him to probation and was not entitled to a jury trial as the Probation Act did not so provide. The court stated that the Probation Act makes no express provision relating to the hearing or the time of hearing or the method of procedure where the commission of a crime is the basis of the alleged violation of probation or in other alleged breaches of the order admitting a defendant to probation. The opinion cites People v. Burrell, 334

372

Ill. App. 253 and held that the defendant was entitled to a fair hearing in order to determine whether he had violated a condition of his probation and that the standards for hearing are those specified by our courts.

In People v. Burrell, 334 Ill. App. 253, supra, it appeared that the defendant was convicted in July, 1945, of larceny of an automobile. The next month he was placed on probation for two years. On June 21, 1947, he was arrested and on July 1, 1947, was taken before the criminal court of Cook County charged with violation of the conditions of his probation. A hearing was had the same day and on July 2, 1947, the order admitting defendant to probation was revoked and he was sentenced to the penitentiary under the original conviction of larceny of an automobile.

In the Appellate Court defendant contended that he should have had an opportunity in the criminal court to procure and be represented by counsel and that upon the hearing the state failed to prove beyond a reasonable doubt that he had violated the probation order. The Appellate Court cited and commented upon several cases from this and other jurisdictions and concluded that the State was not required to prove a violation of the probation order beyond a reasonable doubt. In reviewing the proceedings had in the criminal court the Appellate Court stated that the proceeding was informal and that the record indicated that defendant desired an attorney to represent him and thought he had one. The court concluded that justice required that the defendant be given some opportunity to determine whether he had an attorney and if he did not have one, to obtain one or if the court did not see fit to continue the hearing, the defendant should have been offered the services of the Public Defender. Accordingly the Appellate Court reversed the judgment of the Criminal Court and remanded the cause for a rehearing.

373

In People v. Warren, 314 Ill. App. 198, it appeared that defendant had been convicted of the crime of abortion and placed on probation. Subsequently the chief Probation Officer filed a petition with a memorandum of the State's Attorney attached which charged the commission of a similar crime. The court entered an order directing the defendant to show cause why his probation should not be revoked. A hearing was had and the order admitting defendant to probation was revoked and the defendant sentenced. In reversing that judgment order the court stated that the court acted upon a memorandum of the State's Attorney which memorandum was predicated on hearsay statements and was not satisfactory proof of the matters charged. Accordingly the order revoking the order admitting the defendant to probation was reversed.

People v. Esposito, 343 Ill. App. 146, was a proceeding in the Criminal Court of Cook County to revoke an order entered by that court which admitted the plaintiff in error to probation. It appeared that upon the application of the Chief Probation Officer the court issued a warrant for the arrest of the defendant. Upon the defendant being brought into court a hearing was had resulting in an order finding defendant guilty of violating his probation and sentencing him to the penitentiary. It was insisted in the Appellate Court that there was no proof that defendant had violated the conditions of his probation; that defendant was not informed of the facts of the alleged violation by any petition or pleading and that the order of revocation was based on the arbitrary and prejudicial action of the trial judge. In affirming the judgment order of the trial court the Appellate Court cited People v. Cahill, 300 Ill. 279, People v. Enright, 332 Ill. App. 655, and People v. Warren, 314 Ill. App. 198, and stated that while the procedure followed in the criminal court was rather informal it did not appear that

374

defendant ever complained that he was not aware of the charges made against him or offer any evidence in explanation of his conduct altho given a full opportunity to do so. The court held that the statute contemplates that before defendant's probation could be revoked defendant was entitled to know the violation he is charged with and to have a hearing upon that violation.

■ As said in the Kostaken case, supra, the probation act does not require the filing of a written petition or motion before the issuance of a warrant for the arrest of a defendant on probation. This case also holds that defendant, upon a proceeding to revoke an order admitting him to probation is entitled to a fair hearing but not entitled to a jury trial. The Burrell case, supra, holds that the defendant in such a proceeding is entitled to representation and should have been offered the services of the Public Defender and that the State is not required to prove a violation of a probation order beyond a reasonable doubt. The Warren case, supra, holds that before an order terminating a previous order admitting a defendant to probation is justified satisfactory proof that the original order has been breached must appear in the record and that hearsay statements are not admissible. The Esposito case holds that a defendant, in such a proceeding is entitled to know the violation with which he is charged and a fair hearing.

■ The jursidiction of the trial court which has admitted a defendant to probation, to entertain an application, either oral or written, to revoke the previous order admitting a defendant to probation cannot be questioned. Our statute provides that upon proof, satisfactory to the court, of a violation by the probationer of any of the conditions of his probation, the court may revoke the probation and issue a warrant for the arrest of the probationer and upon the probationer being brought before the court a rule may

375

be entered by the court upon the probationer to show cause why his probation should not be terminated.

How a procedure to revoke an order admitting a defendant to probation is initiated or the form of the process which brings a defendant into court to answer a charge that he has violated the terms of the order admitting him to probation are of little moment. When such a defendant appears the statute says the court may enter an order upon. him to show cause why his probation should not be terminated. While the court may enter such an order, its failure so to do would not, in itself, vitiate the proceeding.

It has frequently been said that notice to a defendant and· an opportunity to be heard are fundamental requirements and co-existent essentials of the constitutional guaranty of due process of law. While our Probation Act contains no such express requirement our courts have held that such rights are conferred. (People v. Warren, 314 Ill. App. 198; People v. Enright, 332 Ill. App. 655; People v. Burrell, 334 Ill. App. 253; People v. Esposito, 343 Ill. App. 146.)

What our courts have held is that a defendant in every case where probation has been granted is entitled to a conscientious judicial determination according to accepted and well recognized procedural methods upon the question whether the conditions imposed upon the defendant when he was admitted to probation have been violated. Such a defendant is entitled to know the nature of the charge in advance of any hearing wherein he is alleged to have breached the order granting him probation and must be given an opportunity to answer any charge that has been preferred against him.

The orderly procedure which our statute contemplates and which proper and sound practice indicates, is for the state's attorney, as a representative of the people to bring any breach of the order admitting defendant to probation, to the attention of the court

376

by motion or petition. This motion or petition should be supported by the affidavit of himself, the probation officer or other credible person familiar with the facts and setting forth the breach or breaches of the original order which admitted the defendant to probation. Such a motion or petition would initiate the revocation proceeding and if the court found the petition or motion sufficient a capias or warrant for the arrest and apprehension of the defendant would issue.

■ Upon the appearance of the defendant, if he is represented by counsel of his own choosing well and good. If not and having been informed of the charges contained in the pending motion or petition, defendant, if he so desires should be represented by the Public Defender or by court appointed counsel and be given a reasonable opportunity to answer the charges he is required to meet and to prepare for a hearing thereon.

■ Our courts have never taken the view that it is a mere matter of favor or grace to admit a defendant to probation. When an order to that effect is entered by a court, the court has satisfied itself that the defendant is not likely to again engage in an offensive or criminal course of conduct and that the public good does not require that the defendant shall suffer the penalty provided by law. (Ill. Rev. St. 1959, Chap. 38, sec. 785.) The fact that a person has been adjudged guilty of a criminal offense and subsequently granted probation should not deprive him of a fair, orderly hearing according to accepted judicial principles and recognized standards of procedure when it is sought to terminate that order. When an order granting probation has been entered and the court has imposed the conditions upon which defendant may be at liberty, the defendant has a right to rely thereon and as long as he complies with those conditions his liberty of action or freedom should not be restricted. "The right to personal liberty is one of

the most sacred and valuable rights of a citizen and should not be regarded lightly. The right to personal liberty may be as valuable to one convicted of crime as to one not so convicted, and so long as one complies with the conditions upon which such right is assured by judicial declaration, he may not be deprived of the same. Such right may not be alternately granted and denied without just cause." (State v. Zolantakis, a Utah case reported in 259 Pac. 1044, 54 A. L. R. 1463.)

 The record in the instant proceeding discloses that every constitutional, statutory and legal right of plaintiff in error were painstakingly safeguarded. The proceeding was commenced by the Probation Officer of Lake County filing in the Circuit Court of that county a verified petition stating that the defendant on July 6, 1958, at a designated place and with a named female violated the specified section of the criminal code which defines the crime of forcible rape. Upon the presentation of this verified petition to the court a capias for the arrest of defendant was ordered by the court and a rule was also entered upon the defendant to show cause why his probation should not be revoked. Upon the arrest of the defendant he appeared in open court with counsel of his own choosing. Had his counsel so desired he could have challenged the sufficiency of the petition or answered its allegations but he did neither. Plaintiff in error submitted himself to the jurisdiction of the court. Although he did not file any responsive pleading to the petition of the probation officer he contested the charges therein made against him. An orderly judicial hearing was had, witnesses on behalf of the defendant were examined and cross-examined in open court. The defendant was present in court and attended by counsel of his own choosing.

Upon this hearing five witnesses were produced who testified in support of the charges embraced in

the report of the probation officer. These witnesses were cross examined by counsel for defendant. The defendant testified in his own behalf and he called one additional witness. There is no necessity of setting out the testimony of the several witnesses. Counsel for defendant state that the validity of the order entered by the trial court are questioned for the first time in this court. The record does not sustain counsel's contention that the hearing was a summary one nor is there anything in the record that sustains counsel's assertion that the order sought to be reversed "resulted from judicial usurpation of power."

 We have read the evidence as abstracted by counsel for defendant and as contained in the additional abstract prepared and filed by the State's Attorney. No conclusion other than the one arrived at by the trial court would have been justified upon the evidence found in this record and no authority has been submitted and we have found none which precludes the circuit court in a proceeding of this character from proceeding under the petition to revoke the order admitting this defendant to probation until after the termination of any criminal case growing out of the rape charge against plaintiff in error.

 This is a statutory proceeding. The statute makes no provision for a jury trial. The defendant in this proceeding was not on trial for the crime of rape for which he had been indicted. He was in the court that had previously granted him probation to answer the allegations of the petition which charged he had breached the order admitting him to probation. At the hearing the state was required to prove by a preponderance of the evidence that the defendant had violated the provisions of that order. The trial court found he had and the record fully sustains its judgment.

The procedure followed by the trial court in this case was substantially in accordance with the provi-

sions of our statute. Defendant was not entitled to a jury trial nor was he entitled to have the instant hearing delayed or continued until he was given a trial upon the charge of rape. Furthermore he made no such application in the trial court.

The judgment order of the circuit court of Lake County is affirmed.

Judgment order affirmed.

McNEAL, P. J. and SPIVEY, J., concur.