**People of the State of Illinois Plaintiff-Appellee,
v. Wentz Parks, Defendant-Appellant.**

**Gen. No. 51,933.**

First District, First Division.

June 6, 1969.

 

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Theodore A. Shapero, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

This appeal is taken from a judgment of the trial court finding defendant guilty of violation of a three-year probation, revoking said probation and sentencing the defendant to the State penitentiary for a term of not less than three and not more than five years. Defendant raised the following issues on appeal. First the court's denial of defendant's motion for continuance resulting in failure to grant defendant an adequate hearing of the alleged violation of probation. Second, the failure of the police officers to advise him of his right to

counsel, his right not to speak and to warn him that anything said by him could be held against him.

On April 15, 1964, defendant was found guilty of the crime of unlawful possession of narcotic drugs. He was granted probation for three years, the first nine months of which were to be served in the County Jail. The order of probation also provided "that said defendant shall not, during the term of said probation, violate any criminal law of the State of Illinois, or any ordinance of any municipality of said State."

On June 21, 1965, the Probation Department filed an application for warrant against defendant for violation of probation for failure to report and for having moved so that his whereabouts were unknown. On July 29, 1965, defendant appeared in the Circuit Court of Cook County, Municipal Division, charged with disorderly conduct. He was discharged. He was again taken into custody on the warrant previously issued for violation of probation. The Public Defender was appointed counsel to represent him. On August 4, 1965, the Court ordered a rule to show cause why the probation should not be terminated and revoked and a hearing of said rule was set for August 6, 1965, before Judge Thomas H. Fitzgerald who discharged the rule and recommitted defendant to probation.

On September 20, 1965, the defendant was found guilty of theft and disorderly conduct by Judge Epton and sentenced to serve 30 days in the County Jail for the theft and fined $100 for disorderly conduct. On October 8, 1965, the Probation Department again filed an application for warrant for violation of probation. A stop was placed on the warrant in November 1965.

On August 17, 1966, at 3:00 a. m., defendant was arrested in the Charles Hotel, 1941 Warren Blvd., Chicago, Illinois, and charged with the possession of a hypodermic needle and syringe and resisting arrest. On August 31, 1966, defendant failed to appear in court. On September

8, 1966, defendant was taken into custody on the warrant for violation of probation. On September 16, 1966, the Public Defender was appointed counsel for the defendant. At the hearing on September 26, 1966, before Judge Thomas H. Fitzgerald, counsel for the defendant objected to the proceeding stating:

> "I think that when the matter charged on a probation violation is the commission of a crime and since in a probation violation hearing the normal rules of evidence applicable in a criminal court do not apply, I would prefer to see this charge made in a criminal court rather than in this type of hearing."

The judge did not agree and proceeded with the hearing. One of the arresting officers, Walter Pankiewicz, then testified that he was assigned to the Narcotics Unit and on August 17, 1966, saw the defendant at the Charles Hotel in Apartment 32 with two other persons. The public defender then asked for a continuance stating:

> "This in effect is the trial of the criminal case, I have had about three minutes with this defendant and I feel that he would be denied the effective assistance of counsel if we proceeded at this time."

The court denied the motion for continuance saying: "Your office was appointed for him, . . . back on September 16. There was a Public Defender appointed."

Officer Pankiewicz testified further that he observed defendant and another person in the room throw two hypodermic needles out of a window. The needles were retrieved shortly thereafter, and the defendant admitted one of the needles was his. This testimony was corroborated by Officer Robert Frawley. The defendant denied ownership of the needle and the throwing of it out of the window.

Defendant cites ten cases in support of his contention that it was error to deny his motion for continuance.

458

All of them hold that in proceedings to revoke probation on ground of violation of its conditions, the State was not required to prove violation beyond a reasonable doubt. They also hold that the decision of a motion for a continuance is within the sound discretion of the court and will not be disturbed unless there is a showing of abuse of such discretion. Five of the cases cited did not involve revocation of probation.

In People v. Burrell, 334 Ill App 253, 79 NE2d 88 (1948), the Illinois Appellate Court reversed an order revoking probation for the reason that defendant, who was a minor, had no attorney representing him at the hearing of the violation of probation.

In People v. Kostaken, 16 Ill App2d 395, 148 NE2d 615 (1958), the court held that a probationer is entitled to a fair hearing in determining whether or not he has violated a condition of his probation, and the State need not establish beyond a reasonable doubt that he violated a condition of his probation.

In People v. Dwyer, 57 Ill App2d 343, 206 NE2d 113 (1965), revocation of probation was reversed because there was no evidence that defendant violated the terms of probation and because the defendant was never advised in any manner prior to the hearing as to infractions with which he was being charged prior to hearing.

Defendant quotes in his brief from State v. Zolantakis, 70 Utah 296, 259 P 1044 (1927). In that case the defendant was found guilty of violating the Utah State prohibition law and was sentenced to be "confined and imprisoned in the State prison in and for the State of Utah for an indeterminate term . . . and that said sentence be, and the same hereby is, suspended during the good behavior of said defendant." Subsequently, he was cited to show cause why his suspended sentence should not be vacated and set aside. Citations issued without any information charging him with a violation. The District Court of Salt Lake County vacated the suspended sen-

459

tence. The Supreme Court of Utah, for the reason that the defendant was not apprised of his alleged violation of probation, reversed the District Court. The Zolantakis case does not apply to the instant case.

In a recent case, People v. Einoder, 96 Ill App2d 174, 238 NE2d 137 (1968), the Illinois Appellate Court reversed an order revoking probation because driving of an automobile by the defendant during the probationary period was not a condition of the probation.

In his brief, defendant quotes extensively from one of the leading cases in Illinois involving violation of probation, People v. Price, 24 Ill App2d 364, 164 NE2d 528 (1960). The defendant in that case was placed on probation for five years after having been found guilty of grand larceny. Subsequently, he was cited for violation of probation for having been drinking in a tavern and having carnal knowledge of a female, forcibly and against her will. The trial court after a hearing found him guilty of violation of probation and revoked his probation. The defendant argued on appeal that there is no express provision in the Statute for a hearing in connection with the revocation of probation and that a defendant charged with the commission of a criminal offense must be adjudicated guilty of such offense by a court having jurisdiction of said offense and a final judgment rendered adjudging defendant guilty of such subsequent offense before the court granting probation can enter an order revoking the original order which admitted the defendant to probation.

The Appellate Court rejected this contention and affirmed the revocation of probation holding that the State is required to prove by a preponderance of the evidence that the defendant had violated the provisions of the probation order. The Appellate Court said:

> "What our courts have held is that a defendant in every case where probation has geen granted is

entitled to a conscientious judicial determination according to accepted and well recognized procedural methods upon the question whether the conditions imposed upon the defendant when he was admitted to probation have been violated. Such a defendant is entitled to know the nature of the charge in advance of any hearing wherein he is alleged to have breached the order granting him probation and must be given an opportunity to answer any charge that has been preferred against him."

██ ██ In the instant case, the trial court was justified in denying defense counsel's motion for continuance. A motion for a continuance is within the discretion of the trial court and this discretion will not be disturbed on review except for manifest abuse. The office of the Public Defender was acquainted with the defendant having represented him previously. The proceeding before the trial court involved only the question of violation of probation. The defendant was not being tried for the offense of possession of a hypodermic needle and syringe. We find no abuse of discretion on the part of the trial court.

The defendant contends further that the failure of the police to advise him of the Escobedo and Miranda warnings violated his constitutional rights granted by the United States and Illinois Constitutions. A careful reading of the Escobedo and Miranda decisions leads to the conclusion that they apply to custody investigations. In the instant case the police entered Parks' room in the hotel while making a narcotic investigation. Parks was not under arrest for violation of probation at the time. His admission of the ownership of the syringe needle, which he later denied, was received in evidence at the hearing of the violation of probation. He was not being tried for possession of the syringe needle. Even though he denied ownership of the syringe needle at the hearing, the trial judge did not accept his denial.

■ Defendant calls our attention to the two cases of Mempa v. Rhay and Walkling v. Washington State Board of Prison Terms and Paroles, which were consolidated and heard on writs of Certiorari to the Supreme Court of the United States, 389 US 128, 19 L Ed2d 336, 88 S Ct 254 (1968). The United States Supreme Court reversed the order revoking probation in both cases for the reason that the defendants were not represented by counsel at probation revocation hearings. In the instant case, Parks was ably represented by counsel and in addition took the stand and testified in his own behalf.

Accordingly, the order of the trial court revoking probation is affirmed.

Affirmed.

MURPHY and BURMAN, JJ., concur.