**People of the State of Illinois, Plaintiff-Appellee, v. Lorenzo B. Bacon, Defendant-Appellant.**

Gen. No. 54,036.

First District, First Division.

May 11, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant appeals from his convictions for violation of probation in which he was sentenced to three concurrent terms of eight to ten years. On July 11, 1966, the defendant had been admitted to probation of five years, the first ten months to be served in County Jail. This probation was the result of defendant's pleas of guilty to three separate charges of unlawful possession of a narcotic drug. On January 9, 1969, the defendant appeared before the trial court on the charge of violation of probation. He was represented by the Public Defender's Office. The probation officer's report disclosed that on August 23, 1968, the defendant was convicted of the crimes of attempted murder and aggravated battery, for which he was sentenced to serve fourteen to twenty years and nine to ten years for the respective convictions, which sentences were to run concurrently. It was further disclosed that defendant was convicted of contempt and sentenced to one year. Based on the above convictions for attempt murder and aggravated battery, the trial court revoked defendant's probation and sentenced him to

■■■■■■■

eight to ten years, the sentences for each narcotic violation to be concurrent and also to run concurrently with the convictions of August 23, 1968. Defendant filed a notice of appeal as to the revocation of probation and the Public Defender was appointed to represent him.

■■ The Public Defender assigned to the appeal filed the record, but now files a motion for leave to withdraw from the case on the ground that after a careful examination of the record, he has concluded that an appeal would be wholly frivolous and could not possibly be successful. He filed a brief in support of the motion in which he concluded that the only possible charge of error which could be urged would be whether the defendant was denied procedural due process of law in the hearing conducted for violation of probation. The procedures required at such a hearing are set forth in chapter 38, section 117–3 of the Ill Rev Stats (1969). According to the case of People v. Price, 24 Ill App2d 364, 164 NE2d 528 (1960), the procedural rights to be accorded a defendant in a revocation of probation are notice to the defendant and an opportunity to be heard, as fundamental requirements of due process. Further, the Price case established that a defendant is entitled to a conscientious judicial determination according to proper procedural methods upon whether the conditions of probation have been violated, which necessitates that the defendant knows of the nature of the charge and is given sufficient opportunity to answer that charge. The record reveals that these requirements were adequately followed by the proceeding conducted in this hearing. We agree with the Public Defender that an appeal on this ground would be wholly frivolous. See also, People v. Headrick, 54 Ill App2d 44, 203 NE2d 157 (1965).

On January 27, 1970, the defendant was notified by this court of the Public Defender's motion to withdraw and was sent copies of that petition and the brief in sup-

port thereof. He was instructed that he had until April 5, 1970, to file any points he might choose in support of his appeal. The defendant has failed to file any such points.

■ We have thoroughly considered the Public Defender's brief in support of his motion to withdraw and have made a careful examination of all the proceedings in accordance with the requirements of Anders v. California, 386 US 738 (1967) and People v. Carter, 92 Ill App2d 120, 235 NE2d 382 (1967). We conclude that the appeal is wholly frivolous and that the Public Defender should be allowed to withdraw. The judgments of convictions are affirmed.

Affirmed.

BURMAN, P. J. and MURPHY, J., concur.