**People of the State of Illinois, Plaintiff-Appellee, v. Eligha Williams and Alford Garner, Defendants-Appellants.**

Gen. Nos. 54,090, 54,093. (Consolidated.)

First District, First Division.

September 21, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Ronald P. Katz and James J. Doherty, Assistant Public Defenders, of counsel), for appellants.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Defendants, Eligha Williams and Alford Garner, were jointly indicted for the offense of robbery. Both defendants were represented by the Public Defender. On September 11, 1967, both pleaded guilty. On the recommendation of the State they were admitted to probation for a term of three years. Subsequently, and in separate hearings, the same trial judge found that both defendants had violated the conditions of probation, and he terminated the probation of both defendants. Each was sentenced to the penitentiary for a term of five to eight years. Defendants' separate appeals were consolidated here for disposition.

On appeal defendant Williams contends that (1) he was denied due process in the revocation hearing when he was sentenced, because he was not allowed to present evidence or mitigating circumstances in his behalf; (2) he was denied effective representation of counsel when the trial court refused to grant defendant Williams a continuance to prepare his case for hearing on the rule to show cause why his probation should not be terminated; and (3) the sentence imposed was excessive. On appeal, defendant Garner contends only that his sentence was excessive.

The record shows that when defendants pleaded guilty to the offense of robbery of Joseph Gillen, the court held an extended hearing in aggravation and mitigation for both defendants. Defendant Garner, aged 37, had a lengthy record for vagrancy, drunkenness and damage to property. There were no felony convictions. Defendant Williams, aged 20, also had a record for the same type

of offenses as Garner, and no felony convictions. After a consideration of the facts presented, and upon the recommendation of the State, both defendants were admitted to probation. At that time, the trial judge informed the defendants that he was giving them a chance to set themselves straight, and if they returned before him for a violation of their probation terms, he would impose sentences on them in conformity with the statutory provisions dealing with robbery.

As to defendant Garner, the record shows that on November 4, 1968, at the hearing of a rule to show cause why his probation should not be terminated and sentence imposed upon his original conviction, evidence was presented to show that in April 1968 Garner had been convicted of criminal damage to property and sentenced to serve one year at the State Farm in Vandalia. The court, after reviewing the original findings on the robbery charge, sentenced defendant Garner on that charge to a term of five to eight years in the state penitentiary.

As to defendant Williams, the record shows that a rule to show cause why Williams' probation should not be terminated was issued on December 2, 1968. The Public Defender entered his appearance on behalf of defendant Williams on December 3, 1968. The matter was assigned to the original trial judge and continued to December 11, 1968. After a number of continuances, the matter came up for hearing on January 31, 1969. At that time, counsel for defendant Williams asked for another continuance, stating that this was the first time he had a chance to talk with defendant, and he wanted to check over allegations as to the defendant leaving the state without notifying his probation officer, entering the Armed Services and subsequently going AWOL from that service. It was then shown by the State that on October 21, 1968, defendant Williams was convicted of theft and sentenced to serve 60 days in the House of Correction. It further appeared that defendant Williams served the 60 days and had not appealed. The trial court denied a continuance and proceeded with the hearing on the rule to show cause and terminated the probation of defendant Williams. Also, the court de-

nied the request of defendant's counsel to present mitigation evidence on behalf of Williams prior to sentencing. The court then sentenced defendant on the original conviction of robbery to a term of five to eight years in the state penitentiary.

Considered first is the contention of defendant Williams that he was denied procedural due process of law when the trial court sentenced him for violation of probation without allowing him to present evidence in his behalf. On this point the record shows the following:

THE COURT: "Five to eight years is the sentence."

DEFENSE COUNSEL: "Judge, we respectfully request, we haven't had a chance at this point to present any mitigation on behalf of the defendant. We initially came up to Your Honor on motion for continuance to get the information."

THE COURT: "Counsel, you are aware of the fact the law provides that a conviction subsequent to a probation order is sufficient to revoke his probation."

DEFENSE COUNSEL: "Your Honor, we also feel—"

THE COURT: "Especially a conviction involving the same kind of conduct for which he was originally sentenced."

DEFENSE COUNSEL: "We feel, Your Honor, that we still should have an opportunity to present some type of mitigation on behalf of the defendant before Your Honor sentences the man."

Defendant Williams charges that "the so-called hearing which was conducted was in reality not a hearing at all. Procedural due process requires that any defendant be given an opportunity to present evidence in his own behalf and rebut the prosecution's evidence. Although the defendant, through his attorney, represented to the court that he was not prepared to proceed and had not had an opportunity to gather evidence favorable for the defendant, the trial court denied this request and summarily revoked the defendant's probation. The de-

fendant was stripped of all his rights and privileges and denied the opportunity to defend himself." In support of his contention defendant cites Ill Rev Stats, c 38, § 117–3(b), which states:

> "When a warrant is issued, the court shall within a reasonable time after the apprehension of the probationer conduct a hearing on the issue of the probation violation. The probationer may be admitted to bail pending the hearing. At the hearing the State shall have the burden of proving the violation."

Defendant further argues that in a violation of probation hearing, it is required that a defendant be granted a full hearing on the issue, and that he be given notice of the charges against him and the opportunity to appear and defend himself with the aid of counsel. (Mempa v. Rhay, 389 US 128 (1967); Gideon v. Wainwright, 372 US 335 (1963).) Defendant also cites People v. Price, 24 Ill App2d 364, 164 NE2d 528 (1960), where the court said (p 376):

> "It has frequently been said that notice to a defendant and an opportunity to be heard are fundamental requirements and co-existent essentials of the constitutional guaranty of due process of law . . . .

> ". . . a defendant in every case where probation has been granted is entitled to a conscientious judicial determination according to accepted and well recognized procedural methods upon the question whether the conditions imposed upon the defendant when he was admitted to probation have been violated. Such a defendant is entitled to know the nature of the charge in advance of any hearing wherein he is alleged to have breached the order granting him probation and must be given an opportunity to answer any charge that has been preferred against him."

The State argues that there was no reason to grant the continuance asked for by defendant's counsel, and "the office of the Public Defender had the cause for

nearly two months and the only question considered seriously by the judge in arriving at the decision that probation should be revoked was the fact of the subsequent theft conviction. The defendant had been found guilty and had not appealed. Certainly the mere assertion of the defendant at the hearing that he did not commit the theft was not sufficient to call for a delay in the hearing in the face of a conviction and completed sentence on the charge."

▮ As the State asserts, the termination of probation is a question resting within the sound discretion of the trial court. (People v. Tomaszek, 54 Ill App2d 254, 204 NE2d 30 (1964).) The standard of proof at a hearing to determine whether probation should be terminated is one of the preponderance of the evidence, not the fixed standard of reasonable doubt applied to a finding of guilty in an actual criminal trial. People v. Smith, 105 Ill App2d 14, 18, 245 NE2d 13 (1969).

▮▮ The granting of a continuance is also a matter within the sound discretion of the trial court, and this discretion will not be interfered with on review unless it has been clearly abused. (People v. Parks, 110 Ill App 2d 455, 249 NE2d 720 (1969).) The termination of the probation of Williams was based on the subsequent theft conviction alone, and the investigation of other allegations in the rule to show cause was not necessary. The denial of a continuance to defendant in no way cut him off from presenting other proof at the hearing.

▮ When a defendant is made aware of the charges out of which the rule to show cause for termination of probation arises and where the proof shows that the defendant had been convicted of a subsequent offense, the State has fulfilled its burden of proof. (Ill Rev Stats, c 38, § 117–3; People v. Price, 24 Ill App2d 364, 164 NE 2d 528; People v. Stepnewski, 121 Ill App2d 249, 257 NE2d 570 (1970).) We conclude that the trial judge did not abuse his discretion either in denying defendant's request for a continuance of the hearing on the issue of defendant's probation violation or in terminating defendant's probation in accordance with applicable statutory provisions.

■■ We find it was not error for the court to re-
fuse defendant Williams an opportunity to present
mitigating evidence in his behalf at the probation termi-
nation hearing. A hearing in aggravation and in mitiga-
tion had been conducted as to each of the defendants at
the original robbery trial before being placed on proba-
tion. The record does not indicate there was any neces-
sity for another hearing in mitigation. In view of the
familiarity of the trial judge with the past record of
defendant Williams, it was discretionary for the trial
judge to hold a second mitigation hearing at the time
of the termination of defendant Williams' probation.

■ We find no merit in the contention of defendant
Williams that he was denied effective assistance of
counsel by not being allowed a continuance of the hear-
ing. The record here does not demonstrate that defend-
ant was prejudiced by the denial of a continuance by the
trial judge, and there was no showing that defendant
was denied any proper assistance of counsel.

Finally, both defendants contend that their respective
sentences were excessive and should be modified by
this court. Defendants assert that by the sentences im-
posed here, the court undertook to punish the defendants
not only for the initial offense for which they were
granted probation but for their subsequent offense.
Defendants urge that the sentences fail to take into con-
sideration or provide for defendants' rehabilitation. In
support, defendants cite People v. Lillie, 79 Ill App2d
174, 223 NE2d 716 (1967), and People v. Morgan, 55
Ill App2d 157, 204 NE2d 314 (1965), where the court
said (p 161):

> "Invoking punishment for violation of probation does
> not, in any sense, undertake to punish for the of-
> fenses committed subsequent to the granting of pro-
> bation. Granting probation only defers the imposi-
> tion of sentence as to the matter wherein probation
> was granted."

■ The imposition of a sentence is peculiarly within
the discretion of the trial court, and unless clearly abused
a reviewing court will not interfere therewith. Accord-

ingly, before an Appellate Court will interfere it must be manifest from the record that the sentence is excessive and not justified under any reasonable view which might be taken of the record. See People v. Hobbs, 56 Ill App2d 93, 205 NE2d 503 (1965), and People v. Garkus, 105 Ill App2d 426, 245 NE2d 653 (1969), where the court stated (p 428):

> "The trial court had placed the defendant on probation despite what was described as a 'substantial criminal background.' The court had warned the defendant that if the conditions of probation were violated it would not be sympathetic to him. Despite the court's leniency, he broke the terms of his probation by continuing to engage in criminal activities. The punishment imposed by the trial court was within its discretion and was fully warranted."

█ The instant record does not manifest that this is a proper case for the exercise of the statutory power to "reduce the punishment" imposed by the trial court. The sentences imposed of five to eight years were within the statutory limits set for the original conviction of robbery, upon which probation was granted. Each defendant had a lengthy record for vagrancy and other misdemeanor offenses. Each defendant had been warned by the trial court that the granting of probation was each man's last chance to rehabilitate himself without suffering confinement in the Illinois State Penitentiary. Neither defendant heeded the warning. Defendant Williams was subsequently convicted of theft in that he had victimized a man on the street and taken money from him by force. Garner was again convicted of the same type of misdemeanor which occupied page after page of his previous record. As the State asserts, there is nothing in the record to show that the trial judge acted harshly or in anger in sentencing either of the defendants. We conclude the sentences imposed on both defendants were not excessive and should be affirmed.

For the reasons given, the judgments of the Circuit Court of Cook County as to defendant Williams (Appeal

No. 54,090) and as to defendant Garner (Appeal No. 54,093) are affirmed.

Judgments affirmed.

BURMAN, P. J. and ADESKO, J., concur.