THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NATHANIEL JOHNSON, Defendant-Appellant.

(No. 55609; 

First District (2nd Division)—December 28, 1971.

*Rehearing denied March 27, 1973.*

Delars J. Bracy, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Larry S. Boress and Robert A. Novelle, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court.

The defendant, aged eighteen, pleaded guilty to a charge of criminal damage to property (Ill. Rev. Stat. 1969, ch. 38, par. 21.1) and was sentenced to serve one year on probation, the first six days thereof to be served in the House of Correction. On July 2, 1970, the State petitioned for a rule requiring defendant to show cause why the probation should not be terminated for violation thereof in that the defendant had been arrested in connection with a fire at a Sears Roebuck building in Harvey, Illinois. The petition was allowed and on a hearing the court entered judgment terminating the probation and sentencing defendant to 31 days in the House of Correction. Defendant has appealed and contends that the State failed to prove by a preponderance of the evidence that he was guilty of violating his probation and that the court com-

mitted error because its decision was based on matters not included in the petition. The facts follow.

On July 2, 1970, a rule to show cause why probation should not be terminated was issued by the State. The probation officer's report on which the petition for a rule to show cause was based alleged that defendant had been arrested by the police in Harvey, Illinois on the night of April 28, 1970, and charged with attempted arson and the possession of an incendiary device. At the hearing it was revealed that the Cook County Grand Jury had voted a "no bill."

On the night in question defendant left his home at 11:55 P.M. and arrived at Ingall's Memorial Hospital at 12:05 A.M. He went to the hospital to speak with Sylvester Stokes, a security guard at the hospital who worked with defendant at Interlake Steel. Defendant had been fired from his job at Interlake after having an epileptic seizure and Stokes told defendant he would help him get his job back. Stokes testified to the foregoing facts in explanation of the defendant's presence in the vicinity of the hospital. He further testified that it was difficult, if not impossible, for defendant to get in touch with him during the day because he slept then and left his phone off the hook. Stokes further stated that he saw defendant come up to the hospital and that he was not running. After defendant had been at the hospital about ten minutes, he was taken into custody by the police in connection with a fire at the Sears Roebuck store in the vicinity.

Officer Willie Cobb testified for the State that he and Officer Charles Severs responded to a call to investigate a fire before midnight on April 27, 1970, at the Sears Roebuck store in Harvey. He stated that he saw defendant in an alley behind the store with a bottle filled with an inflammable liquid. When defendant saw a police car, he dropped the bottle and ran.

■■ The law is well settled, and there is no dispute here, that where the vital question in a proceeding for violation of probation concerns the commission of a crime by the probationer, the violation must be proved by a preponderance of the evidence. *People v. Burrell*, 334 Ill. App.2d 253, 79 N.E.2d 88; *People v. Price*, 24 Ill.App.2d 364, 164 N.E.2d 528.

The evidence presented by the State was the testimony of police officer Cobb before referred to. That testimony was uncorroborated. Defendant denied being at or near the Sears store on the night in question. He denied possession of any bottle containing inflammable material and explained why he was at the hospital. His testimony was corroborated by Stokes, the guard at the hospital, and by his mother. Cobb did not pursue

defendant nor was any bottle presented at the trial. The officers who arrested defendant at the hospital were not called to testify.

At the hearing the court pointed out that a violation of any ordinance is a violation of probation. (Ill. Rev. Stat., 1969, ch. 38, par. 117-2(a)(1).) The record shows that the court considered evidence with respect to charges of unlawful use of weapons and attempted arson in determining whether there was a violation of probation. These charges had, it appears, been dismissed. The State moved to *nolle* the attempted arson case, which motion was allowed and the case was then continued. Within a month the State moved the court to strike the unlawful use of weapons complaint from the docket. The court allowed the State's motion to so strike and as of July 6, 1970, there were no criminal complaints pending against the defendant.

❶ 2, 3 A probationer is entitled to know the nature of the charges against him. (*People v. Price*, 24 Ill.App.2d 364, 164 N.E.2d 528.) The before mentioned complaints on which the petition for a rule to show cause was based had been dismissed on the State's own motion. It now appears that all the charges have been dismissed either by the State or by the Grand Jury for want of evidence. The charge against the defendant was not proved by a preponderance of the evidence and accordingly the judgment will be reversed.

Judgment reversed.

LEIGHTON, P. J., and STAMOS, J., concur.