THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GREGORY B. COLLINS, Defendant-Appellant.

(No. 11542;

Fourth District—October 25, 1972.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (Steven Eveloff, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-Appellant Gregory B. Collins was tried before a jury and convicted of burglary. He petitioned to be admitted to probation. A combined probation-aggravation and mitigation hearing was had, following which the trial judge denied the probation petition and sentenced the defendant to an indeterminate term of two to four years in the penitentiary.

This appeal raises only two issues: did the trial court abuse its discretion in refusing to admit the defendant to probation and is the sentence excessive?

The defendant was near his 19th birthday at the time of the hearing on the petition. He had no prior criminal convictions but his juvenile record establishes that he was placed on probation for theft in February, 1968, probation was revoked on June 11, 1968, because he was involved in the theft of a pony. At the hearing on the petition to revoke probation defendant admitted the burglary of a business establishment. He was then committed to the Illinois Youth Commission, granted parole on May 10, 1969, dismissed from parole on February 20, 1970, and committed the burglary involved in this appeal on June 8, 1970. He was armed when arrested. He was unemployed, and living with his mother, and stepfather.

■■ It would needlessly prolong this opinion to reiterate authority to the effect that the granting or denial of probation is a matter of discretion vested in the trial court, and not to be disturbed on review unless the abuse of that discretion is manifest. (*People v. Simpson* (133 Ill.App.3d), 271 N.E.2d 110.) This record falls far short of establishing an abuse of discretion in the denial of defendant's petition for probation. In view of defendant's prior juvenile record it is equally clear that this court, under the guidelines set forth in *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673, cannot say that the sentence imposed is excessive. Accordingly, the judgment of the circuit court is affirmed.

Judgment affirmed.

CRAVEN, P. J., and SMITH, J., concur.