THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. MELVIN COLEMAN, Defendant-Appellant.

(No. 57106;

First District (4th Division)—June 27, 1973.

James J. Doherty, Public Defender, of Chicago, (Harold A. Cowen, Stanton Bloom, and Shelvin Singer, Assistant Public Defenders, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Nicholas J. Motherway, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

After a hearing, the defendant was found guilty of violation of probation and sentenced to not less than six nor more than ten years in the Illinois State Penitentiary to run concurrently with the sentence imposed in another robbery conviction. The defendant appeals, contending that at his hearing on probation violation he was not accorded due process of law when he was denied a continuance for time to bring in a witness to prove an alibi defense.

The defendant was granted probation for five years for the crime of armed robbery on July 29, 1968. On January 8, 1971, he was convicted of robbery and on December 9, 1971, defendant was found guilty of violation of probation. At that hearing, the State introduced into evidence the certified copy of conviction of January 8, 1971.

Mr. William McMurtry testified that on March 1, 1970, he met the defendant at the American Legion Post in Phoenix, Illinois. Defendant offered to help McMurtry to find an address and they left in McMurtry's car. They were together for about 30 or 40 minutes, and upon reaching the address in question, defendant robbed McMurtry at gun point and threatened to kill him.

After the State rested, the court asked the defendant's attorney if he had any evidence to put on. Defense counsel answered that there was a witness, Mr. Lush Tucker, who would testify that the defendant was not at the American Legion Hall on the night in question, but that he was not available at the present time. The court said that to allow this man to testify would be to re-litigate the issues and to test the sufficiency of the evidence at the prior trial. The record does not indicate any exact request for a continuance. The trial judge then found the defendant guilty of violation of probation.

■■ It is the defendant's contentions that he was not accorded due process of law because he was denied a continuance for the purpose of bringing in an alibi witness. The rights of a defendant at a probation revocation hearing were spelled out in *People v. Bacon* (1970), 124 Ill. App.2d 262, 264, 260 N.E.2d 357, where the court said:

> "The procedures required at such a [probation revocation] hearing are set forth in chapter 38, section 117—3 of the Ill. Rev. Stat. (1969). According to the case of *People v. Price*, 24 Ill.App.2d 364, 164 N.E.2d 528 (1960), the procedural rights to be accorded a defendant in a revocation of probation are notice to the defendant and an opportunity to be heard, as fundamental requirements of due process. Further, the *Price* case established that a defendant is entitled to a conscientious judicial determination according to proper procedural methods upon whether the con-

ditions of probation have been violated, which necessitates that the defendant knows of the nature of the charge and is given sufficient opportunity to answer that charge."

The only possible question here is whether defendant was given a conscientious judicial determination according to proper procedural methods. We think he was.

■■■ A motion for a continuance is within the discretion of the trial court and this discretion will not be disturbed on review except for manifest abuse. (*People v. Parks* (1969), 110 Ill.App.2d 455, 461, 249 N.E.2d 720; *People v. Williams* (1970), 130 Ill.App.2d 192, 198, 264 N.E.2d 589.) As the State's brief points out, there was no actual request by defendant's attorney for a continuance. Nevertheless, if there had been, it would have properly been denied. When asked by the court what the witness would testify to, the defendant's counsel said that he would offer evidence that Mr. Coleman was not at the American Legion Hall on this particular night.

■■ The granting or denial of probation is a matter of discretion vested in the trial court and may not be disturbed on review unless the abuse of that discretion is manifest. (*People v. Collins* (1972), 7 Ill.App. 3d 947, 288 N.E.2d 629); and "[t]he law is well settled, and there is no dispute here, that where the vital question in a proceeding for violation of probation concerns the commission of a crime by the probationer, the violation must be proved by a preponderance of the evidence." (*People v. Johnson* (1973), 10 Ill.App.3d 537, 538, 294 N.E.2d 700.) In *People v. Latham* (1971), 132 Ill.App.2d 823, 824, 270 N.E.2d 563, the court said:

"Considering that the conviction of a crime requires proof of guilt beyond a reasonable doubt the court in a probation proceeding should attach great weight to the proof of conviction as establishing that the defendant had in fact committed a crime and thereby violated a condition of his probation."

■■ Here the trial court was justified in revoking defendant's probation by giving great weight to the conviction. There was no abuse of discretion by the trial court.

■■ This court said in *People v. Williams* (1970), 130 Ill.App.2d 192, 198, 264 N.E.2d 589:

"[1] * * * [T]he termination of probation is a question resting within the sound discretion of the trial court. (People v. Tomaszek, 54 Ill.App.2d 254, 204 N.E.2d 30 (1964).) The standard of proof at a hearing to determine whether probation should be terminated is one of the preponderance of the evidence, not the fixed standard of reasonable doubt applied to a finding of

guilty in an actual criminal trial. People v. Smith, 105 Ill.App.2d 14, 18, 245 N.E.2d 13 (1969).

[2, 3] The granting of a continuance is also a matter within the sound discretion of the trial court, and this discretion will not be interfered with on review unless it has been clearly abused. (People v. Parks, 110 Ill.App.2d 455, 249 N.E.2d 720 (1969).) The termination of the probation of Williams was based on the subsequent theft conviction alone, and the investigation of other allegations in the rule to show cause was not necessary. The denial of a continuance to defendant in no way cut him off from presenting other proof at the hearing.

[4] When a defendant is made aware of the charges out of which the rule to show cause for termination of probation arises and where the proof shows that the defendant had been convicted of a subsequent offense, the State has fulfilled its burden of proof. (Ill. Rev. Stats. c. 38, § 117—3; People v. Price, 24 Ill.App. 2d 364, 164 N.E.2d 528; People v. Stepnewski, 121 Ill.App.2d 249, 257 N.E.2d 570 (1970).)"

We conclude that the trial judge did not abuse his discretion either in denying defendant's request for a continuance of the hearing on the issue of defendant's probation violation or in terminating defendant's probation in accordance with applicable statutory provisions.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

BURMAN, P. J., and DIERINGER, J., concur.