The People of the State of Illinois, Plaintiff-Appellee, *v.* George Lewis, Defendant-Appellant.

(No. 58619;

First District (2nd Division)—May 13, 1975.

James J. Doherty, Public Defender, of Chicago (J. Powers McGuire, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Thomas A. Mauet, and John B. Adams, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This appeal is from an order that revoked an admission to probation. The dispositive issue is whether the trial court erred in ordering the revocation on evidence that consisted only of a hearsay statement read under oath by a probation officer.

## I.

In November 1971, appellant George Lewis pled guilty to a charge of theft and was admitted to probation for 5 years. Under the terms of the probation order, he was to report monthly to a probation officer and not violate any criminal law of this state. July 28, 1972, on allegations that he had violated the order, the Probation Department filed an application asking that a warrant issue for appellant's arrest. The warrant issued; and on September 6, a rule was entered requiring appellant to show cause why his probation should not be terminated. The application was supported by an unsworn statement which reported appellant's conduct as known to unnamed persons in the Probation Department. The statement was signed by Robert L. Moran, deputy chief probation officer, although he did not claim personal knowledge of the facts reported.

Five days later, with appellant present and represented by court-appointed counsel, the trial court conducted a hearing to determine whether there were grounds for revocation. When it began, appellant's counsel inquired of the State if it had available for introduction in evidence "* * * the certified copy of a conviction or any conviction that may have been the basis as alleged in the petition on the rule * * *." The assistant State's attorney answered the inquiry by saying that he had "some testimony of the probation officer if we get to that point. If it's required, we will respond to that." Thereafter, on being directed by the court to proceed, the State called Mel Williams, a probation officer who was sworn as a witness and then read to the court what Robert Moran had said in the statement filed in support of the rule.[1] This reading reviewed appellant's admission to probation in 1971 and continued with a recital that his arrest had been requested "* * * when it was reported to the Court that the subject had failed to report to the probation officer as ordered by rule of Court. And also in that on June 30, 1972, the defendant appeared in Branch 28 of the First Municipal District at which time he was convicted of attempt to commit a crime in Case Number 72-116007 and he was sentenced to 30 days in the House of Correction, time considered served. The probation office [sic] further reports to the Court that on April 7, 1972, the subject was

---

[1] No effort was made, as could have been, to qualify Williams as a witness who would have testified from duly maintained records of business in the Probation Department. (See Supreme Court Rule 236(a), Ill. Rev. Stat. 1971, ch. 110A, par. 236(a); Ill. Rev. Stat. 1971, ch. 38, par. 115—5; *People v. Wells*, 80 Ill.App.2d 187, 224 N.E.2d 288; 32 C.J.S. *Evidence* § 638; compare *Atlee Electric Co. v. Johnson Construction Co.*, 14 Ill.App.3d 716, 303 N.E.2d 192.) Therefore, our opinion in this case is not intended to suggest that only a probation officer with personal knowledge of a probationer's conduct can give competent evidence in a revocation proceeding.

convicted of the charge of 38-22-50 in Case Number 72-942289 in Branch 57 of the First Municipal District at which time he was sentenced to serve a term of 60 days in the House of Correction by his Honor Judge Arthur Zelezinski."

When Williams finished his reading, the trial judge inquired of appellant's counsel if he wanted to cross-examine the witness. Counsel said he did not. Then, on the court's inquiry whether the State had anything else to offer, the assistant State's attorney replied, "Nothing, your Honor, at this time." On hearing this, appellant's counsel again inquired "* * * if the State has a certified copy of either of those convictions that are mentioned." He said that he wanted to look at the records of the alleged convictions. The trial judge then observed that the State had not offered any. "Well, then," replied appellant's counsel, "all they are going on at this time is the mere hearsay allegation that this is what happened." To this statement, the trial judge responded that Williams' testimony was "Hearsay allegation under oath."

Immediately thereafter, a colloquy ensued in which appellant's counsel stated that his client was not going to offer any testimony but was insisting on the State proving the grounds for revocation of the probation. Thereupon, the trial court announced it was finding "* * * that based upon the testimony that it has heard, there is a violation of probation. A condition of the probation was placed upon Mr. Lewis by me at the time I placed him on probation. The order of court will be that his probation will be terminated having been revoked as unsatisfactory." The revocation order was entered; a hearing in aggravation and mitigation was conducted; and appellant was sentenced to serve 5 to 8 years. The issue presented arises from the revocation of his probation.

## II.

■■ The revocation of a probation is a question that rests in the sound discretion of the trial court. (*People v. Williams*, 130 Ill.App.2d 192, 264 N.E.2d 589; *People v. Brooks*, 14 Ill.App.3d 93, 302 N.E.2d 244.) A probationer, however, has rights in his probation which must be respected in any revocation proceeding. (*People v. Coffman*, 83 Ill.App. 2d 272, 227 N.E.2d 108; compare *Mempa v. Rhay*, 389 U.S. 128, 19 L.Ed. 2d 336, 88 S.Ct. 254 (1967); see ABA Standards Relating to Probation §§ 5.1 to 5.4 (1970); Note, *Legal Aspects of Probation Revocation*, 59 Colum. L. Rev. 311, 325 (1959).) For this reason, it is generally said that he cannot be deprived of his liberty by revocation of his probation without being accorded substantial justice. (See *People v. Price*, 24 Ill. App.2d 364, 164 N.E.2d 528; *People v. Sluder*, 107 Ill.App.2d 177, 246 N.E.2d 35; *State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 185

N.W.2d 306; *Scamardo v. State* (Tex. Cr. App. 1974), 517 S.W.2d 293.) The violations with which he may be charged must be proved by a preponderance of the evidence. (*People v. Crowell*, 53 Ill.2d 447, 292 N.E.2d 721; *People v. Coleman*, 12 Ill.App.3d 503, 299 N.E.2d 503.) And the burden of proof is on the State. *People v. Arroyo*, 112 Ill.App.2d 480, 251 N.E.2d 409; *People v. Hicks*, 125 Ill.App.2d 48, 259 N.E.2d 846; see Ill. Rev. Stat. 1971, ch. 38, par. 117—3(b).

In this case, Probation Officer Mel Williams was the only witness and his testimony the only evidence presented at the revocation hearing. Williams was called to prove the State's claim that appellant had violated the terms of his probation. From what he said, however, it was clear that he lacked personal knowledge of appellant's conduct during the time in question. As his entire testimony, Williams read the unsworn statement of Chief Deputy Probation Officer Robert L. Moran, the one filed by the Department to support the rule to show cause. Moran's statement was read by Williams to prove the truth of the matters he had asserted. This was hearsay. (*People v. Carpenter,* 28 Ill.2d 116, 121, 190 N.E.2d 738.) It was not competent evidence. (*People v. Dotson*, 111 Ill.App.2d 306, 310, 250 N.E.2d 174; *Patton v. Armstrong*, 6 Ill.App.3d 998, 286 N.E.2d 351; compare *People v. Collins*, 14 Ill.App.3d 446, 448, 302 N.E.2d 709; *People v. Dandridge*, 20 Ill.App.3d 745, 749-750, 315 N.E.2d 116.) And recognizing this fact, appellant's counsel pointed to the hearsay nature of the State's evidence; but his comments only drew the trial judge's response that it was "[h]earsay allegation under oath." It is true, as the State argues, that the comments were not specific objections to the admissibility of Williams' testimony. However, they expressed the objection that the evidence, because it was entirely hearsay, was not competent to prove the violations which the State claimed would support revocation of appellant's probation.

■■ This objection has particular application to this case. When Williams read the statement, he could not repeat Moran's expression of personal knowledge that appellant failed to report to a probation officer and had suffered convictions for crimes while he was on probation.[2] Careful scrutiny of Moran's statement shows it recited what the Probation Department was reporting to the court from some undisclosed source. This statement was read to prove facts which the State claimed would show appellant had violated his probation. It is a general rule that hearsay evidence does not tend to establish a fact sought to be proven.

---

[2] The State, under such circumstances, should be prepared to offer certified copies of the convictions and be prepared to establish that the person convicted was, in fact, the probationer.

(*Reeve v. Leibrandt Plumbing Co.*, 168 Ill.App. 541.) Even when it is received without objection and thus considered competent, hearsay evidence falls short of the proof necesary to deprive a man of his liberty.[3] (*Looby v. Buck*, 20 Ill.App.2d 156, 155 N.E.2d 641; compare *People v. McCoy*, 44 Ill.2d 458, 256 N.E.2d 449.) To the extent that courts have considered testimony of the kind given by Williams, they have given it little or no weight as probative evidence. (See *Shepard v. Gerholdt* (1953), 244 Iowa 1343, 60 N.W.2d 547; *Oltmanns v. Oltmanns* (Minn. Sup. Ct., 1963), 265 Minn. 377, 121 N.W.2d 779; Annot., 79 A.L.R.2d 890, 930-931 (1961).) This is particularly true where, as in the case before us, the hearsay is a repetition of hearsay. Therefore, the trial court erred in ordering revocation of appellant's probation on evidence that consisted only of a hearsay statement read under oath by Probation Officer Mel Williams. The revocation order, and the sentence imposed thereafter, are reversed; the cause is remanded for further proceedings not inconsistent with the views expressed in this opinion. *People v. Warren*, 314 Ill. App. 198, 40 N.E.2d 845 (abstract opinion); see *Brown v. State* (Del. 1968), 249 A.2d 269.

Reversed and remanded with directions.

DOWNING, P. J., and HAYES, J., concur.

---

[3] We are not unmindful of cases in this state which, under different circumstances, have held that hearsay which is admitted without objection may be considered and given its natural probative effect. (See *Town of Cicero v. Industrial Com.*, 404 Ill. 487, 495.) It is our view, however, that from the comments of defendant's counsel, Williams' testimony was not "consent" hearsay. Compare Annot., 79 A.L.R.2d 890, 897-907 (1961).