THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONNIE HILL, a/k/a JERRY CHILDRESS (Impleaded), Defendant-Appellant.

(No. 56923; 

First District—June 30, 1972.

Gerald W. Getty, Public Defender, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

On December 28, 1970, the defendant pleaded guilty to armed robbery and was placed on probation for five years, the first six months to be served in the Cook County Jail. Within the term of probation a rule to show cause why defendant's probation should not be revoked was issued on the grounds that he had violated the terms of his probation, *i.e.*, he had been convicted of theft on May 11, 1971, and had failed to remain regularly and gainfully employed during the entire period of probation. On September 9, 1971, a hearing was held after which the defendant was found guilty of violating the conditions of his probation and was sentenced to a term of two to four years, said term to run concurrently with a one to two year sentence defendant received in June, 1971, on a different charge after violating another prior probation order.

Defendant filed a notice of appeal from his conviction and the Public Defender was appointed to his case. On April 7, 1972, the Public Defender filed a petition for leave to withdraw as the attorney of record because he believed that any issues that could be raised on appeal were without merit and could not be pursued with success. In compliance with *Anders v. California*, 386 U.S. 738, he filed a brief in this court discussing the two issues which might be raised on appeal. Copies of the petition and brief were served by mail upon the defendant at the Joliet State Penitentiary on March 29, 1972. The defendant was also informed that he would be given until June 7, 1972, to file any points of his choosing in support of his appeal. No response has been filed with this court.

In his *Anders* brief the Public Defender stated that after a review of the complete record he felt that the following two issues might be raised on appeal: (1) that defendant was denied procedural due process of law at his probation revocation hearing and (2) that the trial court improperly sentenced defendant to a term of two to four years.

■■ With respect to the first issue the record clearly reveals that defendant was afforded all of the procedural safeguards relating to probation revocation hearings provided by statute (Ill. Rev. Stat. 1969, ch. 38, par. 117-3) and the case law. (*People v. Price*, 24 Ill.App.2d 364, 164 N.E.2d 528; *People v. Yarber* (Ill.App.2d), 270 N.E.2d 92.) He was notified of the charges against him; he appeared in court with his appointed counsel to defend against the charges; and he was given a fair judicial hearing on the issue of whether he had violated the conditions of his probation.

■■ At the hearing a certified copy of his theft conviction dated May

11, 1971, was introduced into evidence. An adult probation officer testified that the defendant had not remained regularly employed throughout the entire period of probation. The defendant testified in his own behalf and denied committing the theft for which he was convicted and stated that his intermittent unemployment was due to an arm injury. In short, the record clearly supports the court's determination that the defendant had violated the terms of his probation.

■■ The imposition of the two to four year sentence was also entirely in compliance with established law dealing with the sentencing of probation violators. Ill. Rev. Stat. 1969, ch. 38, par. 117—3(d).

In the instant case, when defendant pleaded guilty to armed robbery on December 28, 1970, the State recommended that he be sentenced to a term of two to four years. However, the court placed the defendant on probation.

In sentencing the defendant to a term of two to four years after finding that he had violated the terms of his probation, the court only imposed the sentence which had been recommended at the original trial. The statutory penalty prescribed by law for the original offense, armed robbery (see Ill. Rev. Stat. 1969, ch. 38, par. 18—2(b)), is for an indeterminate term with a minimum of not less than two years. Therefore the sentence imposed for the probation violation was not improper. Ill. Rev. Stat. 1969, ch. 38, par. 117—3(d).

We have made "a full examination of all the proceedings" as required by *Anders* in addition to reviewing the brief filed by defense counsel. We find that there are no legal points "arguable on their merits" and that the appeal is wholly frivolous. (*Anders, supra.*) The Public Defender is given leave to withdraw, and the judgment of the circuit court is affirmed.

Judgment affirmed.

LORENZ, P. J., and ENGLISH, J., concur.