The People of the State of Illinois, Plaintiff-Appellee, *v.* Clarence Spencer, Defendant-Appellant.

(No. 57399; ▮▮▮▮▮▮▮▮

First District—October 4, 1972.

James J. Doherty, Public Defender, of Chicago, (John E. Hughes, Assistant Public Defender, of counsel,) for appellant.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Clarence Spencer, was indicted for possession of a narcotic drug. On June 15, 1971, Spencer entered a plea of guilty in the Circuit Court of Cook County. The court ordered the defendant be placed on probation for a period of five years and, as a condition of probation, he was to enter the Drug Abuse Program.

On January 18, 1972, the defendant was charged with violation of probation in that he was convicted on a plea of guilty to possession of heroin on September 8, 1971. Based on this conviction, the defendant's probation of June 15, 1971, was revoked, and he was sentenced to a term of two to four years in the Illinois State Penitentiary.

The defendant chose to appeal, and the public defender was appointed to defend him. The public defender now seeks to withdraw. He has filed a brief in support of his motion to withdraw pursuant to the case of *Anders v. California* (1967), 386 U.S. 738. He states that a review of the record indicates only one possible basis for appeal: whether the defendant was denied due process of law in the hearing which revoked his probation.

The public defender notes that where an order granting probation to a defendant is sought to be revoked, the general procedure to be followed is set forth in *People v. Price* (1960), 24 Ill.App.2d 364, and Ill. Rev. Stat., Ch. 38, sec. 117—3. The guidelines established in *People v. Price, supra,* are: the defendant is entitled to a conscientious judicial determination, according to accepted and well recognized procedural methods, as to whether any of the conditions imposed on his probation

have been violated; and the defendant must be notified of the alleged violation and be given an opportunity to defend against and refute this violation.

The record reflects the defendant was informed of the facts of the probation violation, was present in open court with appointed counsel, and had sufficient opportunity to defend against and refute the alleged violation. The defendant, however, stipulated that he was convicted of possession of heroin on September 8, 1971, which thereby led to his probation being revoked. The public defender therefore concludes that since the procedure followed by the trial court in the instant case is in substantial accord with the guidelines, there is no merit to this appeal.

The defendant received a copy of the public defender's motion and brief. He was also sent a letter from this court notifying him of the motion and giving him an opportunity to file any points he might choose to support his appeal. Although the defendant has responded by letter, wherein he stated he saw affirmative reason for counsel to withdraw from his case, he has not filed anything in further support of his petition.

After a thorough examination of the record, we find nothing in support of the argument that the defendant was denied due process of law in the hearing which revoked his probation. We have therefore concluded the public defender is correct, and there is no merit to this appeal.

The motion of the public defender to withdraw as counsel for the defendant is granted, and the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.